PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 1/22/97**

TENTH CIRCUIT

---

THOMAS R. HUTCHINSON, Personal
Representative of the Estate of Robert W.
Hutchinson, deceased,

      Plaintiff - Appellant,

vs.

RICHARD B. PFEIL and MARY JOAN
PFEIL,

      Defendants - Appellees.

---

SONA JOHNSTON,

      Nonparty Witness.

No. 96-5031

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 92-C-1088-E)

---

Glenn R. Beustring, Glenn R. Beustring and Associates, Tulsa, Oklahoma (Joan Godlove
and Todd Alexander, Tulsa, Oklahoma, with him on the briefs), for Plaintiff - Appellant.

Lewis N. Carter, Doerner, Saunders, Daniel & Anderson, Tulsa, Oklahoma, for
Defendant - Appellee.

James L. Kincaid and Cheryl L. Cooper, Crowe & Dunlevy, Tulsa, Oklahoma, and
Barrett W. Freedlander, Weinberg and Green, Baltimore, Maryland, all on the brief for
the Nonparty Witness.

Before EBEL, McWILLIAMS and KELLY, Circuit Judges.

KELLY, Circuit Judge.

This dispute arises over the ownership of a painting by the American Impressionist, Theodore Robinson, entitled *Summer Hillside, Giverny*. As personal representative of the estate of his father, Robert W. Hutchinson, Thomas R. Hutchinson brought an action in which he claimed that he was the owner of an undivided one-third interest in the painting. He sought a declaration of his ownership, partition of *Summer Hillside*, and an accounting. Mr. Hutchinson claims his interest in the painting by descent.

The district court granted summary judgment in favor of Defendants Richard and Mary Jo Pfeil. Mr. Hutchinson now appeals, raising five contentions. We have considered all of Mr. Hutchinson's arguments in support of each of his contentions, but discuss only those necessary to our decision.

At oral argument, the issue of whether the district court properly exercised in personam jurisdiction over the Defendants was raised. Although the Defendants argued this issue below, they did not cross-appeal and it consequently has been waived.

Mr. Hutchinson argues that the district court erred in granting summary judgment in favor of the Defendants on the affirmative defense of laches. We review the district court's grant of summary judgment de novo, applying the same standard used by the

district court.  <u>United States v. City & County of Denver</u>, 100 F.3d 1509, 1512 (10th Cir. 1996).  Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c).  A defendant may use a motion for summary judgment to test an affirmative defense which entitles that party to a judgment as a matter of law.  The defendant making such a motion must demonstrate that no disputed material fact exists regarding the affirmative defense asserted.  <u>Miller v. Shell Oil Co.</u>, 345 F.2d 891, 893 (10th Cir. 1965); <u>Zenith Elecs. Corp. v. Panalpina, Inc.</u>, 68 F.3d 197, 201 (7th Cir. 1995); Charles Alan Wright et al., <u>Federal Practice and Procedure: Civil 2d</u> § 2734, at 407-11 (2d ed. 1983).  If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact.  If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant is then entitled to summary judgment as a matter of law.  <u>Miller</u>, 345 F.2d at 893.

Whether a claim is barred by laches "must be determined by the facts and circumstances in each case and according to right and justice.  Laches, in legal significance, is not mere delay, but delay that works a disadvantage to another."  <u>Preston v. Berry</u>, 234 P.2d 417, 422 (Okla. 1951) (quoting <u>American-First Nat'l Bank of Okla. City v. Peterson</u>, 38 P.2d 957, 958 (Okla. 1934)).  In order to prove the affirmative defense of laches, the defendant must demonstrate that there has been an unreasonable

delay in asserting the claim and that the defendant was materially prejudiced by that delay.  Olansen v. Texaco Inc., 587 P.2d 976, 985 (Okla. 1978); see Clark v. Unknown Heirs of Osborn, 782 P.2d 1384 (Okla. 1989).  In determining whether the defendant is entitled to summary judgment, we view all facts and reasonable inferences therefrom in the light most favorable to the plaintiff.  Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986).

Mr. Hutchinson claims his one-third interest in *Summer Hillside* through a line of ancestors traceable to the artist.  The artist's brother, Hamline Robinson, inherited the painting in 1896 upon the death of the artist.  After Hamline died, his estate was probated in Missouri state court; notice to claimants was published in the area newspaper.  Hamline's widow, Florence Robinson, and their daughters, Fonnie Hutchinson and Nellie Terhune, each inherited an undivided one-third interest in Hamline's estate, which included *Summer Hillside*.  Thus, it is undisputed that Fonnie, the ancestor through whom Mr. Hutchinson claims his interest, had notice of her interest in *Summer Hillside* when she inherited that interest from her father in 1907.

In 1912, Florence Robinson sold *Summer Hillside* to an art dealer.  We assume for purposes of summary judgment that Fonnie Hutchinson was not aware of her mother's sale of the painting at the time it occurred.  By 1927, however, when Florence died, Fonnie had notice that her mother was no longer in possession of the painting.  By that time at least, Fonnie should have made inquiry into the absence of the painting and taken

steps to assert her rights. The record contains no evidence that she did so. Mr. Hutchinson is now bound by the actions—and the inaction—of his predecessor in interest, who, if she had any claims to *Summer Hillside*, delayed unreasonably in asserting them. Sautbien v. Keller, 423 P.2d 447, 451 (Okla. 1967) ("Equity cannot . . . assist plaintiffs to escape from circumstances created by fault of their privies.").

Laches and other defenses designed to bar stale claims recognize the difficulties courts and parties face as time elapses between the litigation and the events at issue. Memories fade; witnesses cannot be located or pass away; documentation becomes inaccessible and more difficult to interpret. When the Defendants purchased the painting in 1986 (although without warranties by the seller), they relied upon an undisputed chain of title which extended back nearly seventy-five years. None of the witnesses with personal knowledge of the events surrounding Florence Robinson's 1912 sale of the painting, which ousted any interest Mr. Hutchinson would have inherited, are alive today. The Defendants have been materially prejudiced by this delay of nearly six decades.

Because there are no disputed material facts regarding the affirmative defense asserted by the Defendants, we conclude that the trial court did not err in finding Mr. Hutchinson's claims barred by the doctrine of laches. Because of this conclusion, we need not consider the other matters asserted by the Defendants in support of the propriety of the grant of summary judgment in their favor.

Mr. Hutchinson next contests the denial of his motion to disqualify counsel for the

Defendants. He argues that this motion was one for contempt, which is beyond the authority of the magistrate judge to consider. We conclude, however, that the motion was simply a request for a sanction, cf. Erickson v. Newmar Corp., 87 F.3d 298, 303 (9th Cir. 1996), which is among the nondispositive matters which a magistrate judge may decide. 28 U.S.C. § 636(b)(1)(A). The magistrate judge's denial of the Plaintiff's motion to disqualify the Defendants' counsel was reviewed by the district court and affirmed. We find no merit to the Plaintiff's argument, which is based solely upon instances in which the Defendants' counsel took positions contrary to those taken by the Plaintiff's counsel. Defendants' counsel did no more than what they are entitled and required to do—zealously represent their clients by advancing arguments and factual interpretations favorable to their clients. E.g., Okla. Rules of Prof. Conduct, preamble at 962 (West 1996). The record contains no evidence that Defendants' counsel at any time lied to the court or committed any other violation of the rules of professional conduct.

Mr. Hutchinson also questions the district court's denial of his motion for recusal of the district judge. He does not allege any extrajudicial activity by the judge, but argues that the judge ignored facts which allegedly demonstrate a lack of impartiality. The district judge did not ignore Plaintiff's arguments—he found them insufficient. We likewise find that Mr. Hutchinson's argument is without merit, and that the district court did not abuse its discretion in denying the recusal motion.

Mr. Hutchinson's two remaining contentions concern matters that the district court

did not decide but which are collateral to the merits of his claim of ownership of the painting and thus do not affect the finality of the judgment. Cooper v. Salomon Bros., 1 F.3d 82, 84 (2d Cir. 1993) (lack of jurisdiction over a collateral issue does not deprive the appellate court of jurisdiction over decisions of the district court which are final), cert. denied, 510 U.S. 1063 (1994); cf. Utah Women's Clinic v. Leavitt, 75 F.3d 564, 567 (10th Cir. 1995) (an unresolved collateral issue regarding the amount of attorney's fees and costs did not prevent the judgment on the merits from being final) (citing Budinich v. Becton Dickinson & Co., 486 U.S. 196, 202 (1988)), cert. denied, 116 S. Ct. 2551 (1996). Because the district court has not yet ruled on Mr. Hutchinson's objections, we have no jurisdiction over these issues. We note, however, that the absence of a ruling by the district court on these issues does not destroy the finality of the district court's judgment on the merits nor our jurisdiction over issues upon which the district court has ruled. Cooper, 1 F.3d at 84-85.

The first of the two issues upon which the district court has not yet ruled pertains to the magistrate judge's imposition of sanctions under Rule 37(a)(4) for discovery abuse. Discovery is a nondispositive matter, and magistrate judges have the authority to order discovery sanctions. 28 U.S.C. § 636(b)(1)(A); Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1462 (10th Cir. 1988). After the magistrate judge imposed the sanctions, Mr. Hutchinson sought reconsideration as required by 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). Review of the magistrate judge's ruling is required by the district court

when a party timely files written objections to that ruling, and the district court must defer to the magistrate judge's ruling unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Grimes v. City & County of San Francisco, 951 F.2d 236, 240 (9th Cir. 1991). Under § 636(b)(1)(A), a magistrate judge may not issue a final order directly appealable to the court of appeals. Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164-65 (10th Cir. 1986); Reynaga v. Cammisa, 971 F.2d 414, 416 (9th Cir. 1992). Properly filed objections resolved by the district court are a prerequisite to our review of a magistrate judge's order under § 636(b)(1)(A). Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991); Boyd Motors, Inc. v. Employers Ins. of Wausau, 880 F.2d 270, 271 (10th Cir. 1989) (per curiam); Niehaus, 793 F.2d at 1165. Because the district court has not yet ruled upon Mr. Hutchinson's objections, we remand this issue to the district court for such a ruling.

The second issue upon which the district court has not yet ruled pertains to a protective order which was placed upon materials produced by Sona Johnston, a nonparty witness in this matter, as well as on her deposition. The magistrate judge granted in part Mr. Hutchinson's motion to modify the protective order and denied the motion in part. As required by 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), Mr. Hutchinson sought reconsideration by the district court of the magistrate's order. The district court did not, however, rule on Mr. Hutchinson's objections before it granted summary judgment in favor of the Defendants. The modification of the protective order is a matter

collateral to the substantive issues in this litigation.  Cf. United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424, 1426 (10th Cir. 1990) (order denying modification of a protective order requested by parties who intervened solely to obtain modification of the protective order was appealable as a collateral order), cert. denied, 498 U.S. 1073 (1991); id. at 1427 ("As long as a protective order remains in effect, the court that entered the order retains the power to modify it, even if the underlying suit has been dismissed."). Because the district court did not rule on Mr. Hutchinson's objections, we do not reach the issue and instead remand to the district court for such a ruling.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.  The action is REMANDED for further proceedings by the district court on the Plaintiff's objections to the sanctions imposed on him by the magistrate judge and on the Plaintiff's motion to modify the protective order.