**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 15 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CHRISTINA M. EDDY; TROY B.
EDDY,

        Plaintiffs-Appellants,

v.

AUTOLIV ASP, INC.; GUNNAR
BARK, Chief Executive Officer;
TOM HARTMAN; ROGER TEA;
AUTOLIV AB; AUTOLIV INC.;
DAVID WILSON; RICHARD
SHIMABUKURO,

        Defendants-Appellees.

No. 99-4220
(D.C. No. 98-CV-81-K)
(D. Utah)

---

**ORDER AND JUDGMENT**  *

---

Before **BALDOCK** , **McKAY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

---

 *    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs appeal from the district court 's grant of summary judgment to defendants on claims of employment discrimination and retaliation pursuant to Title VII, hostile work environment, and state-based claims of breach of contract, misrepresentation and defamation. Our jurisdiction over this appeal arises from 28 U.S.C. § 1291. We review the district court's ruling de novo, applying the same legal standard used by that court. *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.* , 165 F.3d 1321, 1326 (10th Cir.), cert. denied, 120 S. Ct. 53 (1999).

On appeal, plaintiffs challenge the district court 's ruling on summary judgment and also complain about the magistrate judge's discovery rulings. "Properly filed objections resolved by the district court are a prerequisite to our review of a magistrate judge's order . . . ." *Hutchinson v. Pfeil* , 105 F.3d 562, 566 (10th Cir. 1997). We agree with defendants that, because plaintiffs failed to file objections to the discovery rulings within the specified time, they have waived this issue. *See Moore v. United States* , 950 F.2d 656, 659 (10th Cir. 1991). Further, to the extent that the district court ruled on plaintiffs' discovery issues, we agree that plaintiffs have not demonstrated that the magistrate judge

abused his discretion in those rulings. *See GWN Petroleum Corp. v. OK-TEX Oil & Gas, Inc.*, 998 F.2d 853, 858 (10th Cir. 1993).

Our careful review of the record and the parties' briefs convince us that the district court correctly decided this case. Plaintiffs have not demonstrated the existence of genuine issues of facts material to their claims and have not presented meritorious challenges to the district court's application of the law. To the extent that plaintiffs argue points which were not presented to the district court or which are outside the scope of their claims, we do not consider those points. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992); *See also Griffin v. Davies*, 929 F.2d 550, 554 (10th Cir. 1991) (stating that appellate court will not review issues that do not affect outcome of a case). For substantially the same reasons set out in the district court's Memorandum Opinion and Order dated October 13, 1999, the judgment of the district court is AFFIRMED.

Plaintiffs' motion entitled "Petition for Review of Objection to Elimination of Defendant Parties" is DENIED; the appropriate place to challenge the district court's ruling denying plaintiffs' request for leave to add additional defendants is in their appellate brief. Defendants' motion to file a supplemental appendix is GRANTED. Plaintiffs' construed motion to file a supplemental appendix is DENIED because the proposed supplement contains material not before the

district court . Defendants' motion to strike parts of plaintiffs' proposed supplemental appendix is DENIED as moot. Plaintiffs' motion for sanctions against defendants is DENIED as frivolous.

Entered for the Court


Mary Beck Briscoe
Circuit Judge
