**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BRETT HESTERLEE,

        Plaintiff–Appellant,

    v.

CORNELL COMPANIES INC., a/k/a
Great Plains Correctional Facility;
SAM CALBONE, Warden, in his
official and individual capacities;
TRAVIS SMITH, Acting Warden, in
his official and individual capacities;
LENT, Case Manger, in her official
and individual capacities;
STEVENSON, Captain, in his official
and individual capacities; PERRY,
Lieutenant, in his official and
individual capacities; EXENIA,
Corporal, in his official and individual
capacities; BRIAN HALL, Officer, in
his official and individual capacities,

        Defendants–Appellees.

No. 09-6054

(D.C. No. 07-CV-00697-W)

(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2). The case is therefore ordered submitted without oral argument.

This is a state prisoner civil rights appeal in which Plaintiff, a former state prisoner, is represented by retained counsel. In his § 1983 complaint, Plaintiff alleged that he was beaten by several officers on January 4, 2007, and that officials at the prison had failed to properly train, supervise, and discipline their employees to prevent this type of unconstitutional behavior. The district court granted Defendants' motion for summary judgment based on Plaintiff's failure to properly exhaust his administrative remedies. The court also held that several Defendants were entitled to summary judgment on the additional ground that Plaintiff had not alleged with particularity that these Defendants were personally involved in the alleged assault.

We review the district court's grant of summary judgment *de novo*, applying the same standards used by the district court. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, a prisoner must exhaust available administrative remedies before bringing a federal

action regarding prison conditions. To properly exhaust administrative remedies as required by this statute, "prisoners must 'complete the administrative review process in accordance with the applicable procedural rules.'" *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)); *see also Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies.")

Where a defendant is seeking summary judgment on the basis of an affirmative defense, the defendant has the initial burden of demonstrating that there is no disputed material fact regarding this defense and that the defense entitles him to judgment as a matter of law. *See Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). When the defendant meets this initial burden, "the plaintiff must then demonstrate *with specificity* the existence of a disputed material fact." *Id.* (emphasis added). "If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant is then entitled to summary judgment as a matter of law." *Id.* "[C]onclusory and self-serving affidavits are not sufficient" to demonstrate the existence of a disputed material fact and thus defeat a motion for summary judgment. *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991).

Here, the evidence submitted by Defendants included (1) an affidavit from a prison official who stated that he had reviewed Plaintiff's records and

determined that Plaintiff did not file any grievances alleging that he was assaulted by officers on January 4, 2007, (2) an affidavit from another officer stating that he had reviewed Plaintiff's misconduct records and determined that Plaintiff attempted three times to appeal the misconduct write-up he received for the January 4 incident, and (3) records of Plaintiff's three attempts to file an appeal for the misconduct report which showed that each attempted appeal was rejected for procedural failings. The only evidence submitted by Plaintiff as to exhaustion was his own affidavit, in which he asserted that he had denied the charge in the misconduct report that he kicked an officer, "followed the grievance procedures available," "protest[ed] the issues currently before this Court" and "grieved this matter through all levels of the appeal process offered." (Aplt. App. at 81.)

We agree with the district court that the affidavits and documents submitted by Defendants were sufficient to meet their initial burden on summary judgment. We also agree with the district court that the conclusory statements in Plaintiff's affidavit lacked the factual specificity required to create a genuine issue of material fact as to exhaustion. Therefore, for substantially the reasons stated by the district court, we **AFFIRM** the dismissal of the complaint.

Entered for the Court


Monroe G. McKay
Circuit Judge


-4-