**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 13, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ALICE M. McCANS,
a/k/a Alice M. Martinez,

      Plaintiff-Appellant,

v.

CITY OF TRUTH OR
CONSEQUENCES; SIERRA
COUNTY REGIONAL DISPATCH
AUTHORITY; RUSS PETERSON,
in his official capacities as Chief of
Police of the City of T or C, Chairman
and Member of the Sierra County
Board of County Commissioners and
Member of the Board of the Sierra
County Regional Dispatch Authority,
and in his individual capacity,

      Defendants,

    and

ELOY MARTINEZ, in his official
capacity as Legal Advisor to the Sierra
County Regional Dispatch Authority,
and in his individual capacity,

      Defendant-Appellee.

No. 09-2116
(D.C. No. 6:07-CV-00606-BB-WPL)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

---

[*]    McCans requested oral argument; Martinez did not. After examining the
briefs and appellate record, this panel has determined unanimously that oral
argument would not materially assist the determination of this appeal. *See* Fed.

(continued...)

Before **KELLY**, **PORFILIO**, and **O'BRIEN**, Circuit Judges.

This is a 42 U.S.C. § 1983 sexual-harassment case. Alice McCans appeals from a summary judgment entered in favor of Eloy Martinez[1] and from a magistrate judge's order denying her motion to disqualify Martinez's counsel.[2] We AFFIRM.

## BACKGROUND

McCans was employed by the City of Truth or Consequences and the Sierra County Regional Dispatch Authority (SCRDA), an organization providing emergency-dispatch services for various New Mexico municipalities. McCans' job duties included recording minutes of SCRDA board meetings.

---

[*](...continued)
R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Our jurisdiction derives from 28 U.S.C. § 1291. In the district court McCans also claimed Martinez violated her First Amendment rights and racially discriminated against her. Those claims are apparently abandoned; she addresses her arguments only to the § 1983 sexual-harassment claim. Consequently, other claims are implicitly waived. *See Milne v. USA Cycling Inc.*, 575 F.3d 1120, 1130 n.6 (10th Cir. 2009).

[2] McCans' motion to disqualify counsel was referred to and denied by a magistrate judge.

Martinez was a deputy district attorney in the Seventh Judicial District Attorney's Office in Sierra County. In 2004, responding to a request from McCans, the district attorney assigned Martinez to provide legal advice to the SCRDA board of directors as needed. After a year, however, Martinez stepped down as the SCRDA's legal advisor after McCans made sexual-harassment allegations against him and SCRDA board-member Russ Peterson, who was also the Chief of Police for the City of Truth or Consequences.

McCans resigned her employment in 2005, and sued the SCRDA, the City of Truth or Consequences, Peterson, and Martinez. Ultimately, McCans settled with all the defendants except Martinez. McCans' sexual-harassment allegations against him are not clear. McCans' only description is that he "came into her office multiple times and said some not very nice things and did something that [she] found repulsive." Aplt. Opening Br. at 4 (quotation omitted). We find more detail in Martinez's motion for summary judgment, resting on qualified immunity. Therein, he described McCans' allegations as being "that [he] asked her to dance on a table, hugged her one time, made inappropriate sexually suggestive comments and once tried to kiss her, but did not." Aplt. App., Vol. 1 at 210.

While the summary-judgment motion was pending, McCans filed a motion to disqualify Martinez's lawyer, Josh Harris, and his law firm, Beall & Bielher. Apparently, an attorney named Mary Torres had recently joined the firm after having represented the SCRDA in unrelated litigation while McCans was an

SCRDA employee. In the course of that representation Torres had direct contact with McCans and, according to McCans, they developed a "close association." Opening Aplt. Br. at 7, 21. The disqualification motion was referred to a magistrate judge,[3] who, after an evidentiary hearing, determined there was neither an attorney-client relationship between McCans and Torres nor any connection between this case and a prior case handled by Torres; he denied the motion.

McCans filed objections with the presiding district judge, but those objections were never expressly decided. Instead, the district judge granted Martinez's pending motion for summary judgment, concluding that even if McCans' "vague assertions were sufficient to prove actionable harassment, . . . no supervisory relationship existed between Eloy Martinez and [McCans]," and therefore, there was no liability under § 1983. Aplt. App., Vol. 3 at 537.

---

[3]     The district judge referred the disqualification motion and a separate motion to dismiss to the magistrate judge for entry of a recommended disposition. A disqualification motion, however, "is among the nondispositive matters which a magistrate judge may decide." *Hutchinson v. Pfeil*, 105 F.3d 562, 565 (10th Cir. 1997). Under Fed. R. Civ. P. 72(a),

> [w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

## DISCUSSION

## I. Summary Judgment

We review the district court's grant of summary judgment de novo, employing the same legal standard applicable in the district court. *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir.), *cert. denied*, 130 S. Ct. 259 (2009). A motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).

"When a defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established." *Thomson v. Salt Lake County*, 584 F.3d 1304, 1312 (10th Cir. 2009) (quotations omitted). If the plaintiff fails at either step, our inquiry ends, and the defendant is entitled to immunity. *See id.* at 1312 n.2. But "[i]n determining whether the plaintiff has met its burden of establishing a constitutional violation that was clearly established, we will construe the facts in the light most favorable to the plaintiff as the nonmoving party." *Id. at* 1312.

Sexual harassment by a state actor may constitute a denial of equal protection, and give rise to liability under 42 U.S.C. § 1983. *Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.*, 511 F.3d 1114, 1124 (10th Cir. 2008). To

satisfy "§ 1983's 'color of law' requirement," *Johnson v. Martin*, 195 F.3d 1208, 1217 (10th Cir. 1999), the harasser must be a supervisor or a person who "exercised state authority over [the victim]," *Maestas v. Lujan*, 351 F.3d 1001, 1012 (10th Cir. 2003).[4]

In regard to Martinez's authority, McCans' deposition testimony revealed Martinez had no power to affect her pay or to promote, demote, or terminate her, and he never threatened her with any adverse employment action. Moreover, McCans testified she initiated the request for a legal advisor from the district attorney's office, and, ultimately she asked the district attorney to remove Martinez.

When Martinez provided legal advice to the SCRDA board, he remained an employee of the district attorney's office. McCans does not contend he was ever

---

[4]     In full, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

her supervisor, nor does she point to any evidence even suggesting he had authority over her. Rather, she appears to maintain his supervisory influence resulted from his friendship with SCRDA board-member (and Truth & Consequences Chief of Police) Peterson, who she considered to be one of her bosses. But she cites no authority suggesting an "exercise of state authority" can derive from personal friendship. Nor does she cite an instance in which Martinez actually wielded power over her based on his friendship with Peterson.

Because McCans has failed to raise a triable issue as to whether Martinez exercised state authority over her, Martinez is entitled to qualified immunity. The summary judgment on that issue was proper.

## II. Disqualification

The district judge did not expressly rule on McCans' objections to the magistrate judge's order denying her disqualification motion even though "[r]eview of the magistrate judge's ruling is required by the district court when a party timely files written objections to that ruling." *Alpine Bank v. Hubbell*, 555 F.3d 1097, 1114 (10th Cir. 2009) (quotation omitted). Nevertheless, we excuse the district court's failure to expressly address the objections when there is a clear, albeit implicit, denial of those objections. *Miller v. Auto. Club of N.M., Inc.*, 420 F.3d 1098, 1117 (10th Cir. 2005) (quotation omitted), *overruled on other grounds by Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006); *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1116 (10th Cir. 2004).

Since the district court granted summary judgment to Martinez, it implicitly rejected McCans' objections to the magistrate judge's decision. "[W]hen a district judge enters an order disposing of a case without expressly ruling on a pending objection filed pursuant to Federal Rule of Civil Procedure 72(a) [governing non-dispositive matters], the judgment entered pursuant to that order functions as a final order overruling the objection." *Fielding v. Tollaksen*, 510 F.3d 175, 179 (2d Cir. 2007); *see generally McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1104 (10th Cir. 2002) (noting that "[a]n appeal from a final judgment usually draws into question all prior non final orders and all rulings which produced the [judgment]" (quotation omitted)). The disqualification issue is properly before us.

In regard to disqualification, McCans argues that an attorney/client relationship developed between McCans and Torres while Torres represented the SCRDA, because McCans "was the human associated with SCRDA." Aplt. Opening Br. at 20. She reasons, then, that Torres' employment for the firm representing Martinez "gave unfair advantage to defense counsel," rendering the summary judgment invalid. Aplt. Reply Br. at 6-7. We cannot agree.

A party seeking to disqualify opposing counsel must show that (1) she and opposing counsel were in an "actual attorney-client relationship"; (2) there is a substantial relationship between the current litigation and the prior litigation; and (3) "the interests of the opposing counsel's present client are materially adverse

-8-

to the [moving party]." *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1384 (10th Cir. 1994) (quotation marks omitted) (citing ABA Model Rule 1.9(a) & (c)). The magistrate judge correctly determined that McCans' disqualification motion failed because she failed to show an attorney-client relationship with Torres or a connection between the current litigation and any former litigation.

Specifically, the magistrate judge found that when McCans shared information with Torres, McCans believed Torres would represent the SCRDA in a lawsuit brought by McCans against the SCRDA. With respect to that factual finding the magistrate judge correctly observed, "[a] reasonable person would not believe that she had an attorney/client relationship with the attorney for the entity she intended to sue." Aplt. App., Vol. 2 at 482. Moreover, the magistrate judge noted McCans' failure to demonstrate the sexual harassment issues involved in this case were related to any issues in a prior case. On appeal, McCans points to nothing in the record establishing any such connection. McCans' disqualification motion was properly denied.

Additionally, Martinez is entitled to summary judgment on McCans' § 1983 claim based on McCans' own testimony. She provides no explanation as to how her own damaging testimony was the product of any conflict of interest caused by Torres' employment. There is no reason to disturb the summary judgment based upon McCans' unfounded allegations.

## CONCLUSION

The judgment of the district court is AFFIRMED.

Entered for the Court


Terrence L. O'Brien
Circuit Judge