FILED
United States Court of Appeals
Tenth Circuit

August 18, 2010

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MOUNTAIN HIGHLANDS, LLC, an
Oregon limited liability company,

        Plaintiff–Appellant,

v.

DAVID B. HENDRICKS;
MAGNOLIA MOUNTAIN LIMITED
PARTNERSHIP, a Texas limited
partnership,

        Defendants–Appellees.

No. 09–2182

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. 1:08–CV–00239–JB–ACT)**

---

Steven S. Scholl (David M. Wesner with him on the briefs), of Dixon, Scholl &
Bailey, PA, Albuquerque, New Mexico, for Plaintiff–Appellant.

Donald A. Walcott (Charles V. Henry, IV, with him on the briefs), of Scheuer,
Yost & Patterson, P.C., Santa Fe, New Mexico, for Defendants–Appellees.

---

Before **GORSUCH**, **McKAY**, and **CUDAHY**[*], Circuit Judges.

---

**McKAY**, Circuit Judge.

---

    [*] Honorable Richard D. Cudahy, Circuit Judge, United States Court of
Appeals for the Seventh Circuit, sitting by designation.

In this case we must consider whether the district court erred when it granted summary judgment in favor of the Appellees, David Hendricks and Magnolia Mountain (collectively "Magnolia"), dismissing all of the claims Appellant, Mountain Highlands, brought against them. Because Mountain Highlands failed to present sufficient evidence in support of its claims, we hold the district court did not err in its decision.

In August 2003, Mountain Highlands purchased the Ski Rio resort near Taos, New Mexico, from Magnolia. Shortly after Mountain Highlands's purchase of these properties, a title dispute arose between the prior owners of Ski Rio and Magnolia. Eventually, the New Mexico courts determined Magnolia had conveyed clear title to Mountain Highlands, subject only to a mortgage creditor, Signature Capital. Nevertheless, the length of the title dispute placed financial strain on Mountain Highlands and, as a result and to prevent Signature Capital from foreclosing on the property, Mountain Highlands filed for Chapter 11 bankruptcy in January 2006.

In an effort to extricate itself from bankruptcy, Mountain Highlands prepared a reorganization plan which was approved by all of its creditors, including Magnolia, with the exception of Signature Capital. As part of this plan, Mountain Highlands and Magnolia entered into a real estate exchange agreement whereby Magnolia agreed to accept certain real property interests in satisfaction of the debt owed to it by Mountain Highlands. This exchange agreement was

conditioned upon the bankruptcy court's approval of Mountain Highlands's reorganization plan, but it also allegedly required Magnolia to support the plan.

A few months later, while its proposed reorganization plan was still pending before the bankruptcy court, Mountain Highlands filed a motion with the bankruptcy court to sell Ski Rio out of the ordinary course of business, free and clear of liens, claims, and interests. Shortly before a hearing on Mountain Highlands's motion, however, Magnolia objected to the proposed sale, asking the bankruptcy court to determine whether Magnolia could receive cash from the sale or whether it was bound by the earlier exchange agreement. Ultimately the bankruptcy judge signed an order, stipulated to by Signature Capital and Magnolia, allowing the sale to go forward, but, at the same time, he also issued an order denying confirmation of Mountain Highlands's reorganization plan. Mountain Highlands then brought suit against Magnolia for, *inter alia*, 1) breach of the covenant of good faith and fair dealing; 2) interference with prospective economic advantage; and 3) prima facie tort. Following a period of discovery, the district court granted summary judgment in favor of Magnolia on all claims. Mountain Highlands now appeals.

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1262 (10th Cir. 2010). "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most

-3-

favorable to the nonmoving party." *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). On those issues for which it bears the burden of proof at trial, the nonmovant "must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [its] case in order to survive summary judgment." *Cardoso v. Calbone*, 490 F.3d 1194, 1197 (10th Cir. 2007) (internal quotation marks omitted). "[F]ailure of proof of an essential element renders all other facts immaterial." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1212 (10th Cir. 2000).

As a preliminary matter, we address the principal basis underlying Mountain Highlands's claims against Magnolia: the bankruptcy court's denial of Mountain Highlands's proposed reorganization plan. In denying the plan, the bankruptcy court first stated that

> [Mountain Highlands] has now filed a motion for approval of a
> §363(f) sale of the property. The Court is making its decision based
> on the record and the facts as presented at the evidentiary hearing,
> without regard to more recent developments, including the proposed
> sale as well as the overall tightening of the credit markets.

(Appellees' Supplemental App. at 857 n.5 (internal citation omitted).) The bankruptcy court then denied the plan after conducting a detailed analysis of both the plan's feasibility and Mountain Highlands's compliance with the Bankruptcy Code.[1] Despite the bankruptcy court's language stating the basis for its opinion,

---

[1] On appeal Mountain Highlands has filed a motion to strike Appellees'
(continued...)

Mountain Highlands argues there is a genuine issue of fact as to whether Magnolia's objection to the motion to sell ultimately caused the bankruptcy court to deny the proposed reorganization plan. We are not persuaded.

We think the bankruptcy judge's opinion is clear on this issue. He did not consider the "more recent developments," which clearly included the sale, and, under a common sense reading of the order, Magnolia's objections to that sale. Indeed, if there was any doubt about the judge's meaning, he removed that doubt at a later hearing by stating he did not deny the plan because of Magnolia's objections but that "it was precisely almost the opposite, which is to say . . . I decided entirely independently of what you-all were wanting to do, that the plan shouldn't be confirmed."[2] (Appellant's App. at 703.) Thus, we conclude the

---

[1](...continued)
supplemental appendix, which consists entirely of documents from the underlying bankruptcy proceedings, including a full copy of the bankruptcy court's memorandum opinion in support of its order denying Mountain Highlands's proposed reorganization plan. This motion is based on Mountain Highlands's assertion that the appendix "is composed mostly or entirely of documents that were not introduced in the District Court" and this supplemental appendix does not comply with the Federal Rules of Appellate Procedure. (Appellant's Mot. To Strike at 2 (footnote omitted).) However, because the district court considered the bankruptcy court's order in its entirety and because we resolve this appeal without reference to the other documents included in Appellees' supplemental appendix, we **DENY** Mountain Highlands's motion.

[2] Mountain Highlands argues the district court erred by concluding this statement was admissible under Rule 807 of the Federal Rules of Evidence. However, we conclude the district court did not abuse its discretion by ruling that a statement by a federal bankruptcy judge, made on the record in a hearing before both the parties in this case and clarifying the grounds for an earlier ruling, has

(continued...)

bankruptcy court's denial of Mountain Highlands's plan cannot serve as the factual basis for any of its claims. We will now turn to our review of the district court's ruling, considering only Mountain Highlands's allegation that Magnolia's objection forced it to accede to unfavorable terms with Signature Capital in order to preserve the sale.

## A. *Breach of the covenant of good faith and fair dealing*

Under New Mexico law, "every contract imposes a duty of good faith and fair dealing on the parties with respect to the performance and enforcement of the terms of the contract." *Sanders v. FedEx Ground Package Sys., Inc.*, 188 P.3d 1200, 1203 (N.M. 2008). However, because the existence of this covenant "depends upon the existence of an underlying contractual relationship," there is no claim for a breach of this covenant where a valid contract has not yet been formed. *Azar v. Prudential Ins. Co. of Am.*, 68 P.3d 909, 925 (N.M. Ct. App. 2003); *see also* Restatement (Second) of Contracts § 205 cmt. c (1981) (stating this duty does not apply "in the absence of an agreement" and parties should look to "the law of torts or restitution" for proper remedies). Such is the case here. The exchange agreement was conditioned upon the bankruptcy court's approval of Mountain Highlands's reorganization plan, which never occurred. Accordingly,

---

[2](...continued) sufficient "guarantees of trustworthiness" so as to fall under the residual hearsay exception. Fed. R. Evid. 807.

as the district court noted, because no contract formed, there was no implied covenant of good faith and fair dealing that Magnolia's objection could have breached; nor is there evidence, as we have already stated, that Magnolia's objection materially contributed to the plan's denial. *See* Restatement (Second) of Contracts § 255 (stating that a party may still bring a claim against a repudiating party, despite the failure of a condition, but only "[w]here a party's repudiation contributes materially to the non-occurrence of [the] condition"); *see also id.* at illus. 2.

B. *Interference with prospective contractual relations and prima facie tort*

The district court granted summary judgment on both of these claims after it concluded the record did not contain any evidence showing Magnolia intended to interfere in the negotiations between Signature Capital and Mountain Highlands or, indeed, that Magnolia was even aware such negotiations were occurring. Thus, the court concluded, Mountain Highlands had failed to establish the necessary element of intent. *See M & M Rental Tools, Inc. v. Milchem, Inc.*, 612 P.2d 241, 245 (N.M. Ct. App. 1980) (defining intentional interference with prospective contractual relation as imposing liability on "[o]ne who intentionally and improperly interferes with another's prospective contractual relation"); *Saylor v. Valles*, 63 P.3d 1152, 1159 (N.M. Ct. App. 2002) (stating that the theory of prima facie tort requires a showing of "an intent to injure the plaintiff"). On appeal, Mountain Highlands has again failed to point to any evidence in the

record that would demonstrate Magnolia's intent to interfere in negotiations between Mountain Highlands and Signature Capital or evidence that Magnolia was aware of such negotiations.

Therefore, for these and the foregoing reasons, we **AFFIRM** the district court's grant of summary judgment in favor of Magnolia.