**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 1, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL L. ZINNA,

        Plaintiff-Appellant,

v.

ROBERT JACKSON COOK, a
resident of Colorado and owner of the
internet domain and website known as
www.ColoradoWackoExposed.com;
JAMES CONGROVE; DUNCAN
BRADLEY,

        Defendants-Appellees.

No. 10-1464
(D.C. No. 1:06-CV-01733-CMA-CBS)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **ANDERSON**, and **HOLMES**, Circuit Judges.

Plaintiff Michael L. Zinna brought this action under the civil damages

provision of the Federal Wiretap Act, 18 U.S.C. § 2520(a), claiming defendants

conspired to intercept, disclose, or use certain electronic communications he had

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

made. He alleged emails he sent to friends and associates on June 14, 2006, were intercepted by a third party and acquired by defendants, who posted information taken from them to an internet web site (ColoradoWackoExposed.com) later that evening in an effort to discredit him. The district court granted summary judgment for defendants, holding that Mr. Zinna failed to present evidence sufficient to create a triable issue that defendants either played a role in the alleged illegal interception or had knowledge of it when contents of the emails were posted on the internet. Mr. Zinna timely filed this appeal. As explained below, we affirm for substantially the reasons stated by the district court.

## Summary Judgment – Standard of Review

We review summary judgment de novo, applying the same standard as the district court under Fed. R. Civ. P. 56. *Mountain Highlands, L.L.C., v. Hendricks*, 616 F.3d 1167, 1169 (10th Cir. 2010). We view the evidence and any reasonable inferences therefrom in a light most favorable to Mr. Zinna, the party opposing summary judgment. *Id*. at 1169-70. But evidence based on "mere speculation, conjecture, or surmise" will not defeat summary judgment. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). Summary judgment for defendants was appropriate if Mr. Zinna did not come forward with evidence to create a triable issue on any essential element of his claim, in which event other aspects of the case become immaterial. *Mountain Highlands, L.L.C.*, 616 F.3d at 1170; *Montgomery v. City of Ardmore*, 365 F.3d 926, 935 (10th Cir. 2004).

**Deficiency in Mr. Zinna's Showing under § 2520(a)**

Mr. Zinna does not claim that defendants themselves intercepted his emails. Rather, he alleges that a third party (whom he later identified as a Mr. Elliot, from a photo on a web site used in connection with Elliot's private investigation business) illegally intercepted the emails and gave them to defendants as part of a conspiracy to attack him. Assuming the emails were illegally intercepted, and further assuming they were intercepted by Mr. Elliot,[1] under the law of this circuit defendants could potentially be liable either for conspiring with him beforehand to intercept the emails or by conspiring to acquire the emails for the purpose of illegally disclosing and/or using them. *See Thompson v. Delaney*, 970 F.2d 744, 748-50 (10th Cir. 1992) (assessing claims of conspiracy to intercept and conspiracy to use or disclose in violation of Federal Wiretap Act). Mr. Zinna has failed to demonstrate that there is a genuine issue for trial with respect to either of these possibilities.

As the district court noted, the defendants may be connected to each other, and to the ColoradoWackoExposed.com web site where the contents of the allegedly intercepted emails were posted, but we have not been pointed to any

---

[1] As the magistrate judge's recommendation discusses in some detail, Mr. Zinna's support for these underlying assumptions was scant, but we need not pursue the matter, as we agree with the overarching conclusion that Mr. Zinna's case is in any event fatally deficient for lack of evidence tying defendants to any illegal interception that may have occurred.

competent evidence in the record *to tie defendants to the alleged interceptor*, much less to show they conspired with him to engage in the illegal interception. Mr. Zinna suggests one or more of the defendants may have known someone (a Mr. Yost)[2] who disliked Mr. Zinna and who, in turn, knew the alleged interceptor, and contends this posited chain of association raises a genuine issue as to whether defendants, who wished to discredit Mr. Zinna, conspired with the alleged interceptor to obtain his email. Just stating this line of conjecture betrays its inadequacy. Speculation will not defeat summary judgment, *Bones*, 366 F.3d at 875, and this is specifically true of conspiracy claims, which require evidence from which it can reasonably be inferred that the alleged conspirators agreed to act in concert–and pursuing compatible, even parallel, aims is not enough to warrant that inference, *Salehpoor v. Shahinpoor*, 358 F.3d 782, 789 (10th Cir. 2004); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).

Defendants could still be held liable under § 2520(a), even if they were not involved in the alleged interception, if they used or disclosed the allegedly intercepted emails. But such a claim has a significant mens rea element on top of the use or disclosure requirement: "liability for use or disclosure of the contents

---

[2] As our use of the word "may" reflects, even this point about defendants knowing Mr. Yost is a matter of supposition by Mr. Zinna. As support, he relies (without citation to record evidence) on Yost's asserted association with still other persons who were professionally associated, in turn, with defendants. He also refers to an utterly equivocal response by defendant Congrove to the question whether he knew Yost: "Possibly. I don't know."

of an intercepted communication requires both intentional conduct and *knowledge that the information was obtained through the interception* of a[n] . . . electronic communication *in violation of [the statute]*." *Thompson*, 970 F.2d at 748 (emphasis added and quotation omitted). That is, the defendant must have known "1) the information used or disclosed came from an intercepted communication, and 2) sufficient facts concerning the circumstances of the interception such that the defendant could . . . determine that the interception was prohibited by [the Federal Wiretap Act]." *Id.* at 749.

On this critical point Mr. Zinna's use-or-disclosure theory falters for much the same reason as his interception theory. While he speculates about possible relationships among various alleged conspirators and third parties, he simply has not cited to any evidence in the record sufficient to support a reasonable inference that defendants knew the material posted on the web site derived from an illegal interception of email. As noted, his effort to indirectly tie defendants to the man he claims illegally intercepted the email, and then use this posited chain of association to suggest knowledge of the alleged illegal interception, either before or after the fact, is just conjecture.

Doubtless, Mr. Zinna sincerely believes that his email was illegally intercepted and that defendants were knowingly involved. But the dispositive question here is whether he has shown, by citation to evidence in the record, that this belief rises to the level of a reasonable inference a factfinder would be

-5-

entitled to draw on the evidence. We must answer that question in the negative. Mr. Zinna's appellate argument, consisting of general assertion and supposition devoid of supporting citation to the record for truly material facts, undercuts his challenge to summary judgment for reasons this court has repeatedly explained in past decisions. *See, e.g.*, *Fernandez v. Mora-San Miguel Elec. Coop., Inc.*, 462 F.3d 1244, 1252-53 (10th Cir. 2006); *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995).

## Procedural Objections to Summary Judgment

Mr. Zinna complains in passing that unspecified orders limiting discovery hindered his effort to substantiate his case. This is patently inadequate appellate argument. *See, e.g.*, *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994); *Brownlee v. Lear Siegler Mgmt. Servs. Corp.*, 15 F.3d 976, 977 (10th Cir. 1994). Moreover, any objection Mr. Zinna may have in this respect has clearly been waived. "Properly filed objections resolved by the district court are a prerequisite to our review of a magistrate judge's order [regarding discovery]," *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997), and Mr. Zinna never challenged the magistrate judge's management of discovery by seeking district court review of particular orders.

Finally, Mr. Zinna contends that it was error for the district court to grant summary judgment in favor of defendant Cook, who had disappeared from the litigation by the time summary judgment proceedings were initiated and hence did

not join in defendants' motions. Many courts have countenanced the sua sponte grant of summary judgment to a non-moving defendant, provided the basis for the ruling in favor of the moving defendants applies as well to the non-movant and the plaintiff was not prejudiced by being unaware of the need to make his case against all.[3] *See, e.g.*, *Couden v. Duffy*, 446 F.3d 483, 500 (3d Cir. 2006); *Vazquez v. Lopez-Rosario*, 134 F.3d 28, 36 (1st Cir. 1998); *Kennedy v. Children's Serv. Soc'y of Wis.*, 17 F.3d 980, 983 n.1 (7th Cir. 1994); *cf. Gibson v. Wal-Mart Stores, Inc.*, 181 F.3d 1163, 1170 (10th Cir. 1999) (invoking same principle to uphold grant of arbitration to defendant who had not joined in other defendant's motion to compel arbitration). Given the collective nature of his conspiracy case against all of the defendants, Mr. Zinna was clearly aware of the need to proffer all evidence in his possession suggesting any connection each and every defendant may have had to the others and to the alleged illegal interception of his email. The district court did not err in logically extending its grant of summary judgment to Mr. Cook.

Mr. Zinna stresses the disrespect shown for the district court by Mr. Cook in simply vanishing from the proceedings. But that was uniquely a consideration

---

[3]    Indeed, the most recent amendment to Rule 56 has now essentially codified this principle. *See* Fed. R. Civ. P. 56(f) (amended, effective Dec. 1, 2010); *id.*, Advisory Committee Note to 2010 amendment.

for the district court to assess, and we will not second-guess its judgment in that regard.

The judgment of the district court is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge