**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 26, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SHIRLEY KOCH,

    Defendant - Appellant.

No. 23-1259
(D.C. No. 1:20-CR-00098-CMA-GPG-2)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **MURPHY**, Circuit Judges.
_____

Defendant Shirley Koch, a former Sunset Mesa funeral home employee, pleaded

guilty to one count of mail fraud and aiding and abetting arising out of a scheme in which

she and her codefendant stole and sold bodies and body parts of hundreds of decedents to

medical research companies. Defendant filed a direct appeal of her sentence that remains

pending. Separately, in the instant appeal, Defendant challenges the district court's Order

Modifying Protective Order. That order granted the Government's request to disclose

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

limited discovery to the decedents' attorneys in a related civil case. Defendant's counsel filed a brief pursuant to *Anders v. California* and a motion for leave to withdraw as counsel from this appeal. 386 U.S. 738 (1967). Defendant and the government elected not to respond. Upon review of the record, we agree with defense counsel that there are no non-frivolous grounds for this appeal. Accordingly, we **GRANT** counsel's motion to withdraw in this appeal and **DISMISS** this appeal.

In June 2021, at the Government's request, the district court entered a protective order limiting disclosure of discovery in this case to defense counsel, defendant, and defendant's retained experts. Defendant subsequently pleaded guilty. Then, in March 2023, private counsel for the decedent victims ("private litigants") requested a plethora of specific documentation from discovery in this criminal case for use in two related civil cases. In response, the Government moved the district court to disclose two sets of files for each victim to the private litigants. The Government reasoned that the files were in the FBI's possession and would not be available to the private litigants by any other means without undue hardship. Defendant opposed the motion, arguing (1) her pending sentencing appeal prevents disclosure and (2) the files are property of decedents and cannot be turned over by the Government without civil forfeiture proceedings.

The district court rejected Defendant's arguments and modified the protective order to allow limited disclosure of the specific files that the Government requested to the private litigants. First, the district court held it retained jurisdiction despite Defendant's pending sentencing appeal because modification of the protective order is a collateral matter, unrelated to the merits of Defendant's appeal. R. Vol. I at 38-39

(citing *Garcia v. Burlington N.R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987)).  Second, the district court noted its broad discretion to modify the protective order and held Defendant failed to articulate how the modification would prejudice their substantial rights.  The court further explained that Defendant's potential "desire to make the civil litigation pending against [her] more burdensome is not legitimate prejudice."  R. Vol. I at 41 (citing *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1428 (10th Cir. 1990)).

Under *Anders*, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir.2005) (citing *Anders*, 386 U.S. at 744).  "The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal." *Id.*  Defense counsel filed an *Anders* brief advising the Court that Defendant's appeal is wholly frivolous.  We agree, grant counsel's motion, and dismiss Defendant's appeal of the protective order.

As a preliminary matter, we find no non-frivolous grounds for appealing the district court's holding that it had jurisdiction to modify the protective order despite Defendant's sentencing appeal.  Defendant's sentencing appeal challenges the district court's calculation of her Guidelines sentence and its decision to impose an upward variance. *See United States v. Shirley Koch*, Appeal No. 23-1078.  There is no question that modifying a protective order to grant narrow discovery to different parties in a

3

civil case involving different claims is a matter collateral to the substantive issues of Defendant's sentence calculation. *See Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997) ("The modification of the protective order is a matter collateral to the substantive issues in this litigation.").

Furthermore, nothing in the record suggests the district court erred by modifying the protective order. We review the district court's modification of the protective order for abuse of discretion. *S.E.C. v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010). "[W]here an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification." *United Nuclear Corp.*, 905 F.2d at 1428 (citation omitted). Defendant does not dispute that if the private litigants proceeded with discovery, they would be able to obtain the requested documents under Federal Rule of Civil Procedure 26(b)(1). *See* Fed. R. Civ. P. 26(b)(1) (allowing parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"). Moreover, Defendant did not argue that modification of the protective order would prejudice her rights, and the Court cannot identify any potential prejudice. As such, we conclude the district court acted within its discretion in modifying the order.

\*\*\*

We agree with counsel that there is no nonfrivolous basis upon which Defendant can challenge the district court's modification of the protective order. Accordingly,

4

Defendant's appeal is wholly frivolous.  Counsel's motion to withdraw in this appeal is **GRANTED** and this appeal is hereby **DISMISSED**.


Entered for the Court


Bobby R. Baldock
Circuit Judge