**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 16, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DENNIS R. FRANKE,

        Plaintiff-Appellant,

v.

ARUP LABORATORIES, INC.,

        Defendant-Appellee.

No. 10-4045
(D.C. No. 2:07-CV-00073-DAK)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **HOLLOWAY**, and **ANDERSON**, Circuit Judges.

Plaintiff Dennis Franke, proceeding pro se, appeals the district court's

order granting summary judgment in favor of his former employer, defendant

ARUP Laboratories, Inc. (ARUP), on his wrongful termination claims under Title

VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(ADEA), and the Fourteenth Amendment.[1]  Mr. Franke also appeals the district court's order denying his motion for relief from judgment under Fed. R. Civ. P. 60(b).  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Factual Background.

In his amended complaint, Mr. Franke alleged that ARUP unlawfully discriminated against him by terminating him based on his gender and his age (forty years old at time of termination).  Mr. Franke further alleged that ARUP violated his right to procedural due process under the Fourteenth Amendment by terminating him without prior notice and a hearing.

In his report and recommendation to the district court regarding ARUP's motion for summary judgment, the magistrate judge did an extremely thorough job setting forth the factual background pertaining to Mr. Franke's claims, *see* R., Doc. 113 at 2-16, and we do not need to repeat that detailed background here.  Instead, we will assume a working familiarity with the facts set forth by the

---

[1]     In the proceedings before the district court, Mr. Franke also claimed that ARUP violated his rights under federal law when it failed to promote him in 2003 and failed to transfer him in 2004.  In his opening brief, however, Mr. Franke makes no reference to his failure to promote and transfer claims.  Mr. Franke has therefore waived those claims, and we do not need to consider them.  *See Bronson v. Swenson*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[T]he omission of an issue in an opening brief generally forfeits appellate consideration of that issue."); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) ("[O]ur jurisdiction does not extend to matters omitted on appeal.").

magistrate judge pertaining to: (1) Mr. Franke's employment history with ARUP, *id.* at 2-3; (2) Mr. Franke's letter-writing campaign while employed by ARUP, *id.* at 6-9; (3) ARUP's receipt of a threatening anonymous letter and its determination, based on an investigation conducted by Leslie Hamilton, ARUP's Senior Vice President and Director of Technical Operations, and Von Madsen, ARUP's Assistant Vice President, Human Resources Manager, that Mr. Franke wrote or was involved in writing or creating the anonymous letter and two additional anonymous letters, *id.* at 10-13; and (4) ARUP's termination of Mr. Franke on February 28, 2006, *id.* at 13-14.

## II.  Proceedings Below.

In his report and recommendation, the magistrate judge recommended to the district court that it grant summary judgment in favor of ARUP on Mr. Franke's wrongful termination claims under Title VII and the ADEA, reasoning as follows:

> Defendant's proffered reason for terminating Plaintiff was that Hamilton and Madsen honestly believed that Plaintiff wrote or was involved in writing or creating the Anonymous letter and the Additional Anonymous Letters, which Hamilton and Madsen found threatening.  The burden now shifts to Plaintiff to attempt to demonstrate that Defendant's reasons for releasing him were a pretext for discrimination.  To show pretext, Plaintiff must now attempt to show "that the employer's proffered explanation is unworthy of credence." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 143 (2000) (citations omitted).  In this pretext analysis, "[t]he relevant inquiry is not whether [the defendant's] proffered reasons were wise, fair or correct, but whether [it] honestly believed those reasons and acted in good faith upon those beliefs." *Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1138 (10th Cir. 2004)

(quotation omitted).  There is no dispute that Hamilton and Madsen "honestly believed" that Plaintiff drafted or was involved in drafting the Anonymous Letter and the Additional Anonymous Letters, and that they found the letters, with references to slit wrists, rage, horror, personal liability insurance and death, to be threatening.  Indeed, Hamilton's and Madsen's conclusions regarding Plaintiff's association with the letters [were] fully supported by the facts available to them at the time. . . .

> Even if Hamilton and Madsen were incorrect in concluding that Plaintiff wrote or was involved in writing the letters, summary judgment is still warranted.  Whether Plaintiff was in fact the author of the letters "is largely beside the point: what counts is whether the decisionmaker . . . *believed* the plaintiff to be the author and, if so, whether he acted on that belief in deciding to send the plaintiff packing."  *Bennet v. Saint-Gobain Corp.*, 507 F.3d 23, [31] (1st Cir. 2007) (upholding termination of employee believed to have sent anonymous poems) (emphasis in original); *see also Young v. Dillon Companies, Inc.*, 468 F.3d 1243, 1250 (10th Cir. 2006) (The court's role "is to prevent intentional discriminatory . . . practices, not to act as a 'super personnel department,' second guessing employers' honestly held (even if erroneous) business judgments.") (Citation omitted).  Accordingly, even if Plaintiff were to vigorously deny his involvement in the letters (which he did not do at his deposition), his denial does not dispute Hamilton's and Madsen's honestly held belief that he authored or was involved in writing the letters.  As such, Defendant should be granted summary judgment as to [Plaintiff's wrongful termination claims under Title VII and the ADEA].

R., Doc. 113 at 28-30 (footnotes omitted; first three alterations in original).

The magistrate judge also recommended that summary judgment be entered in favor of ARUP on Mr. Franke's procedural due process claim, finding that the claim "fails as a matter of law." *Id.* at 33.  As the magistrate judge explained:

> In order to determine whether an employee was denied procedural due process, "courts must engage in a two step inquiry: (1) did the employee possess [a] protected property interest such that due process protections were applicable; and, if so, then (2) was the individual afforded an appropriate level of process." *Brammer-*

-4-

*Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1209 (10th Cir. 2007). Plaintiff's due process claim fails because Plaintiff cannot establish that he possessed a protected property interest in his employment at ARUP. "[A]n employee may possess a property interest in public employment[2] if she has tenure, a contract for a fixed term, an implied promise of continued employment, or if state law allows dismissal only for cause or its equivalent." *Darr v. Town of Telluride, Colo.*, 495 F.3d 1243, 1251 (10th Cir. 2007).

Plaintiff cannot establish any of these factors. Plaintiff was not a tenured employee, he had no contract for a fixed term, nor can he point to any promise of continued employment. Plaintiff was an at-will employee who could be terminated at any time for any lawful reason, and he was not entitled to any procedural protection before his termination. It is undisputed that on seven separate occasions Plaintiff signed statements confirming his status as an at-will employee at ARUP throughout his employment there. (At-Will Acknowledgment Forms.) "At-will employees lack a property interest in continued employment." *Id.* at 1252. Plaintiff also has not pointed to, and cannot point to, any state statute, regulation or rule that affords him a property interest in his position at ARUP. As such, there is simply no statutory, regulatory, rule-based or contractual source for a property interest in Plaintiff's job.

*Id.* at 33-34 (footnote added).

After reviewing Mr. Franke's extensive objections to the magistrate judge's report and recommendation, the district court entered an order and a related judgment adopting the report and recommendation in its entirety and granting ARUP's motion for summary judgment. *Id.*, Doc. 122 at 2-4; Doc. 123. Specifically, with regard to Mr. Franke's wrongful termination claim, the district

---

[2]    Although the magistrate judge did not specifically address the issue in his report and recommendation, it appears that the magistrate judge treated ARUP as a public employer because Mr. Franke alleged that ARUP is affiliated with the University of Utah and thus the State of Utah.

court agreed with the magistrate judge that Mr. Franke had failed to "demonstrate any issue of material fact as to ARUP's legitimate, non-discriminatory reason for terminating [his] employment." *Id.*, Doc. 122 at 3. Further, with regard to Mr. Franke's procedural due process claim, the district court agreed with the magistrate judge that Mr. Franke had failed to "demonstrate[] that he had a property interest in his employment with ARUP." *Id.*

Mr. Franke subsequently filed a motion for relief from judgment under Fed. R. Civ. P. 60(b). The district court denied the motion, concluding that "Plaintiff's motion merely rehashes his previous arguments, . . . [and] Plaintiff has not demonstrated any mistake or error in law in the court's prior ruling." *Id.*, Doc. 127 at 2. This appeal timely followed.

### III. Standards of Review.

#### A. Summary Judgment.

"We review the grant of summary judgment de novo, applying the same standard as the district court pursuant to Rule 56(c) of the Federal Rules of Civil Procedure." *Gwinn v. Awmiller*, 354 F.3d 1211, 1215 (10th Cir. 2004). Under Rule 56(c)(2), summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). "In applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to

the nonmoving party." *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006) (quotation omitted).

"In addition, we must construe a pro se appellant's complaint liberally." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quotation omitted).  But "[t]his liberal treatment is not without limits, and this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Id.* (quotation omitted).  As a result, a pro se plaintiff must strictly comply with the requirements of Rule 56 in order to properly contest a motion for summary judgment.  *See* Fed. R. Civ. P. 56(e)(2) (providing that a party opposing summary judgment "may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial").

### B.  Motion for Relief From Judgment.

We review the denial of a motion for relief from judgment under Fed. R. Civ. P. 60(b) for an abuse of discretion.  *Manning v. Astrue*, 510 F.3d 1246, 1249 (10th Cir. 2007).  Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006) (quotations omitted).  Rule 60(b) permits a district court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the

judgment has been satisfied, released, or discharged . . .; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). "A litigant demonstrates exceptional circumstances by satisfying at least one of Rule 60(b)'s six grounds for relief." *Allender*, 439 F.3d at 1242.

## IV. Analysis.

Although we are mindful of Mr. Franke's pro se status, we agree with ARUP that this court can "reject [Mr.] Franke's appeal for the simple reason that [he] has failed to advance a 'reasoned argument' in favor of his position." Aplee. Br. at 15 (citing Fed. R. App. P. 28(a)(9)(A)[3] and *United States v. Edwards*, 69 F.3d 419, 430 (10th Cir. 1995)); *see also id.* at 17-20 (outlining additional reasons why Mr. Franke's appellate brief violates the requirements in Fed. R. App. P. 28). Simply put, "[d]espite fifty-nine pages of briefing, it is impossible to determine exactly what [Mr.] Franke is arguing." *Id.* This glaring shortcoming is succinctly described by ARUP in its response brief:

> One would expect . . . that [Mr.] Franke's briefing would discuss with some clarity the District Court's decision denying the motion for reconsideration and the relevant Rule 60(b) factors. It would also be natural for [Mr.] Franke to challenge in some coherent fashion the central reasons that the District Court granted summary judgment,

---

[3]     ARUP actually mistakenly cited "Fed. R. App. P. 28(9)," *see* Aplee. Br. at 15, but it is clear that ARUP intended to cite Fed. R. App. P. 28(a)(9)(A), which provides that "[appellant's] argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.").

> i.e., that [Mr.] Franke failed to dispute the "honestly held belief that [he] authored or was involved in writing the [anonymous] letters."
>
> [Mr.] Franke, however, never analyzes the Rule 60(b) factors or makes a reasoned argument on the question of ARUP's honestly-held belief that [he] was involved in some way in the letters. Instead, [Mr.] Franke advances a series of irrational attacks on ARUP as a "corrupt organization," or "a clear and present danger" to the nation. He goes on to complain that ARUP may be guilty of "blacklisting," and to advocate that this Court should pierce ARUP's "corporate veil" and give [Mr.] Franke's single-plaintiff lawsuit "class action status." In short, [Mr.] Franke prevaricates about countless irrelevant issues, but never coherently challenges the reasons the District Court denied reconsideration and dismissed [his] claims.

*Id.* at 15-16 (footnote and citations omitted); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (affirming judgment below because appellant's pro se briefs contained no argument of substance); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived[.]"); *Wilburn v. Mid-South Health Dev., Inc.*, 343 F.3d 1274, 1281 (10th Cir. 2003) ("We . . . will not consider issues that are raised on appeal but not adequately addressed.").

Because of his inadequate briefing, Mr. Franke has utterly failed to demonstrate that: (1) the district court overlooked a genuine issue of material fact on the question of whether ARUP's proffered reason for his termination was a pretext for discrimination; and/or (2) the district court abused its discretion in denying his Rule 60(b) motion for relief from judgment. We therefore affirm the entry of summary judgment on Mr. Franke's wrongful termination claims under

Title VII and the ADEA and the denial of his Rule 60(b) motion for substantially the same reasons relied on by the district court.

Mr. Franke has likewise failed to show that the district court erred in granting summary judgment in favor of ARUP on his procedural due process claim. Most importantly, he has failed to set forth specific facts showing a genuine issue for trial on the question of whether he possessed a property interest in his employment with ARUP. In addition, Mr. Franke has not cited a single record fact to support his apparent attempt to expand his Fourteenth Amendment claim to include a violation of his Second Amendment right to bear arms, and his unsupported arguments regarding the Second Amendment are basically incomprehensible. *See* Aplt. Br. at 13-16. Accordingly, we affirm the entry of summary judgment on Mr. Franke's Fourteenth Amendment claim for substantially the same reasons relied on by the district court.

As ARUP has pointed out, we also note that Mr. Franke "makes several vague references to a claim for retaliation," Aplee. Br. at 27, and he claims that he informed ARUP about violations of company policies, dangerous work conditions, and employee abuse, *see* Aplt. Br. at 27. We agree with ARUP, however, that Mr. Franke has failed to "connect these allegations with some legally-recognized claim for retaliation. As such, [he] cannot show the required causal connection between some kind of protected activity and an adverse

employment action." Aplee. Br. at 27 (citing *Pinkerton v. Colorado Dept. of Transp.*, 563 F.3d 1052, 1064 (10th Cir. 2009)).

Finally, as ARUP has also recognized, Mr. Franke "appears to contend the District Court improperly denied his motion to amend [his amended complaint] to add a claim for hostile work environment." *Id.* at 25; *see also* R., Docs. 81 (motion for leave to amend) and 97 (magistrate judge's order denying motion). Mr. Franke's motion to amend was a nondispositive pretrial matter that the magistrate judge was authorized to decide pursuant to 28 U.S.C. § 636(b)(1)(A), *see Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006), and "[i]t is a well established rule that the court of appeals cannot review a magistrate judge's order under . . . § 636(b)(1)(A) unless the party requesting review objected to the order within ten days of receiving a copy of the order," *Pippinger v. Rubin*, 129 F.3d 519, 533 (10th Cir. 1997) (citing *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997) ("Properly filed objections resolved by the district court are a prerequisite to our review of a magistrate judge's order under § 636(b)(1)(A).") and *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164-65 (10th Cir. 1986) ("In examining the right to appeal from a magistrate's order, federal court of appeals have held that appeals from magistrates' rulings must be to the district courts and that appellate courts are without power to hear appeals directly from orders of federal magistrates.")). "Moreover, Rule 72(a) of the Federal Rules of Civil Procedure requires parties to file written objections to a magistrate judge's order

-11-

[under § 636(a)(1)(A)] with the district court within ten days,"[4] *Pippinger*, 129 F.3d at 533-534, and "[a] party may not assign as error a defect in the [magistrate judge's] order not timely objected to," Fed. R. Civ. P. 72(a).

Mr. Franke did not file any objections, timely or otherwise, with the district court to the magistrate judge's order denying his motion to amend his amended complaint. Consequently, "we may not consider the issues decided in that order on appeal." *Pippinger*, 129 F.3d 534. Further, in contrast to the notice/warning requirement that exists for pro se cases in the situation where a magistrate judge issues a report and recommendation regarding a dispositive matter under 28 U.S.C. § 636(b)(1)(B)-(C), *see Moore v. United States*, 950 F.2d 656, 658-59 (10th Cir. 1991), it is immaterial that the magistrate judge's order did not warn Mr. Franke of the consequences of failing to file objections with the district court, *see Caidor v. Onondaga County*, 517 F.3d 601, 604-05 (2nd Cir. 2008) (noting that, in contrast to Fed. R. Civ. P. 72(b)(2), Fed. R. Civ. P. 72(a) contains an express waiver provision that pro se litigants should be aware of, and holding that "a *pro se* litigant who fails to object timely to a magistrate judge's order on a nondispositive matter waives the right to appellate review of that order, even

---

[4]     Effective December 1, 2009, the time period for filing objections under Fed. R. Civ. P. 72(a) was extended from ten to fourteen days. This case is governed by the prior ten-day period, however, because the magistrate judge denied Mr. Franke's motion to amend in March 2009.

absent express notice from the magistrate judge that failure to object within ten days will preclude appellate review").

The judgment of the district court is AFFIRMED.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge