FILED
United States Court of Appeals
Tenth Circuit

July 11, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff–Appellee,

v.

CLIVE ANTHONY HAMILTON,

    Defendant–Appellant.

No. 12-3068
(D.C. Nos. 5:11-CV-04036-JAR
and 5:02-CR-40157-JAR-3)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Clive Hamilton, a federal prisoner appearing pro se, seeks a certificate of

appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 habeas

petition. We deny a COA and dismiss the appeal.

**I**

Following a jury trial, Hamilton was convicted of conspiracy to distribute

marijuana in violation of 21 U.S.C. § 846 and sentenced to 360 months' imprisonment.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After his conviction was affirmed on appeal, United States v. Hamilton, 587 F.3d 1199 (10th Cir. 2009), Hamilton filed a § 2255 habeas petition. On October 25, 2011, the district court denied Hamilton's petition. Hamilton then filed a motion to reconsider pursuant to Fed. R. Civ. P. 59(e) on November 21, 2011, which the district court denied on December 8, 2011. On December 19, 2011, Hamilton filed a second motion seeking reconsideration, which was denied on December 21, 2011. A third motion seeking reconsideration followed on January 9, 2012 and was denied on January 17, 2012. On March 16, 2012, Hamilton filed notice that he was appealing the denial of his petition and all subsequent motions.

## II

We will grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Hamilton must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). We liberally construe Hamilton's pro se filings. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

Under Fed. R. App. P. 4(a)(1)(B), a notice of appeal must be filed within sixty days of the entry of the judgment if the United States is a party. However, because Hamilton filed a Rule 59(e) motion, his time to appeal did not start running until the court denied that motion on December 8, 2011. Fed. R. App. P. 4(a)(4)(A) ("[T]he time to file

an appeal runs for all parties from the entry of the order disposing of the . . . motion.").

Hamilton thus had until February 6, 2012 to file his notice of appeal. The second and third motions seeking reconsideration did not affect this deadline; we have firmly held that successive post-judgment motions do not toll the time for appealing an underlying judgment. See Ysais v. Richardson, 603 F.3d 1175, 1178 (10th Cir. 2010) (explaining that a successive post-judgment motion did "not extend the time for filing a notice of appeal from the underlying amended final judgment"). Because Hamilton waited until March 16, 2012 to file his notice of appeal—over one month past the February 6 deadline—his appeal is untimely as to the denial of his § 2255 petition. We thus lack jurisdiction to review the district court's denial of Hamilton's petition. See United States v. Langham, 77 F.3d 1280, 1280 (10th Cir. 1996).

Although Hamilton's March 16 notice of appeal is untimely as to the denial of his petition, it is timely as to the district court's denial of his second and third post-judgment motions. The district court denied his second motion on December 21, 2011, but the filing of the third motion on January 9, 2011 tolled Hamilton's time to appeal that denial. See Ysais, 603 F.3d at 1178 (A "second motion for reconsideration tolled Ysais's time to appeal . . . from the denial of the first motion for reconsideration"). The third motion was denied on January 17, giving Hamilton until March 19 to appeal the denial of that motion and the second motion. Liberally construing his pro se filings, we proceed to review of the denial of both the second and third motions for reconsideration.

We review the district court's denial of a Rule 59(e) motion for abuse of

discretion. Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Hamilton offers no legal or factual arguments indicating that the district court erred in denying his motions. Rather, he simply recites the standard for obtaining a COA without any germane elaboration of his claims. This is insufficient to show that "the court has misapprehended the facts, a party's position, or the controlling law." Id. To the extent Hamilton's serial motions arose under Rule 60 rather than Rule 59, his failure to provide any meaningful challenge to the district court's denial similarly precludes relief. See Franke v. ARUP Labs., Inc., 390 F. App'x 822, 827 (10th Cir. 2010) (unpublished) (rejecting challenge to Rule 60 denial because appellant failed to identify grounds).

### III

Because Hamilton has not shown that his claim is debatable on the merits, we **DENY** a COA and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge