991 F.2d 806
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dr. Patricia SCHLOESSER, Plaintiff-Appellee,
v.
The KANSAS DEPARTMENT OF HEALTH AND ENVIRONMENT and Stanley
C. Grant, Defendants-Appellants.
 No. 92-3079.
 United States Court of Appeals, Tenth Circuit.
 April 12, 1993.
 
 Before LOGAN and KELLY, Circuit Judges, and ALLEY, District Judge.*
 ORDER AND JUDGMENT**
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 Defendants appeal the denial of summary judgment. Our jurisdiction arises under 28 U.S.C. § 1291 and we reverse.
 
 Background
 
 2
 Plaintiff-appellee Dr. Schloesser brought this action after a demotion and ultimately the termination of her employment with Defendant-appellant Kansas Department of Health and Environment (KDHE). Dr. Schloesser claims that these actions were the result of discrimination based on age, violating the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634. Defendants moved for summary judgment, arguing that Eleventh Amendment immunity applied and that the claim regarding the demotion was time-barred. The district court denied summary judgment and, at trial, Plaintiff prevailed only on the claim relating to her demotion.
 
 Discussion
 
 3
 We review the denial of summary judgment de novo, utilizing the same legal standard as the district court in evaluating the summary judgment motion. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence which would require submission of the case to a jury. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-52 (1986).
 
 
 4
 At a minimum, a movant must point to those portions of the record that demonstrate an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). If a movant establishes entitlement to judgment as a matter of law given uncontroverted, operative facts contained in the documentary evidence, summary judgment will lie. See Anderson, 477 U.S. at 251.
 
 
 5
 Many of the facts of this case were not in dispute. The Secretary of the KDHE, Dr. Grant, appointed Dr. Schloesser, a sixty-three year old woman, as Director of Health. Obviously, the motivation behind the activity that followed is in dispute, but it is undisputed that in a meeting on May 2, 1988, Dr. Grant informed Dr. Schloesser that she would no longer serve as Director of Health. A new position, with a lower salary and a lower classification, was created for her. Also at that meeting, Plaintiff alleged, Dr. Grant made several comments to the effect that Dr. Schloesser would be replaced with a "kid." Plaintiff served in her new capacity until May 1989, when that position was eliminated. She filed a complaint with the EEOC on June 19, 1989.
 
 
 6
 Timely filing of a discrimination charge is a prerequisite to an ADEA claim. 29 U.S.C. § 626(d). An individual has 300 days from the alleged discriminatory act in which to file a charge with the EEOC. 29 U.S.C. § 626(d)(2). Dr. Schloesser argues that the limitations period should be tolled because Defendants actively misled her at the May 2, 1988 meeting and lulled her into inaction. The district court agreed that the limitations period might be subject to equitable tolling and refused to grant Defendants' motion for summary judgment.[1]
 
 
 7
 We have recognized that a defendant may be equitably estopped from asserting a defense based on a limitations period if that defendant has " 'actively misled,' " Martinez v. Orr, 738 F.2d 1107, 1110 (10th Cir.1984) (quoting Wilkerson v. Siegfried Ins. Agency, Inc., 683 F.2d 344, 348 (10th Cir.1982)), or if a plaintiff "has been 'lulled into inaction by her past employer state or federal agencies, or the courts,' " Martinez, 738 F.2d at 1110 (quoting Carlile v. South Routt Sch. Dist. RE 3-J, 652 F.2d 981, 986 (10th Cir.1981)).
 
 
 8
 Dr. Schloesser's ADEA claim, on the other hand, involved two separate acts by Defendants--her demotion and the subsequent elimination of her new job. Plaintiff only prevailed on, and Defendants only appeal from, the demotion claim. We are convinced that Plaintiff had ample notice that possible discrimination based on age had resulted in her demotion after the May, 1988 meeting. She immediately suffered the consequences of lower pay, a less desirable office space, less administrative authority and diminished support staff assistance. Prior to the meeting, comments about Dr. Schloesser's retirement had been directed towards her and at the meeting Dr. Grant referred to Dr. Schloesser's replacement as a "kid." At that point, "facts that would support a cause of action [were] or [should have been] apparent." Blumberg v. HCA Management Co., 848 F.2d 642, 645 (5th Cir.1988), cert. denied, 488 U.S. 1007 (1989). Plaintiff points to no action taken by the Defendants to mislead her as to any of the pertinent facts or "trick" her into allowing the limitation period to pass. See Irwin v. Veterans Admin., 111 S.Ct. 453, 457 (1990).
 
 
 9
 Dr. Schloesser's Memorandum in Opposition to Summary Judgment discusses various disputed facts which go to the merits of her discrimination claim. However, the limitation issue does not turn on the truthfulness of Defendants' proffered legitimate reasons for the demotion and, in fact, forecloses the relevance of the merits of Plaintiff's claim. See Fleury v. Harper & Row, Publishers, Inc., 698 F.2d 1022, 1029 (9th Cir.), cert. denied, 464 U.S. 846 (1983). Rather, to determine when the limitation period began to run, we focus on what information was available to the Plaintiff and when it was available. The material facts to that inquiry were not in dispute and summary judgment should have been granted in favor of the Defendants with respect to the demotion claim.
 
 
 10
 Dr. Schloesser cites several cases where courts have found equitable estoppel of the limitations period appropriate based upon an employer's promise of reinstatement. See Coke v. General Adjustment Bureau, Inc., 640 F.2d 584 (5th Cir.1981); Bonham v. Dresser Indust., 569 F.2d 187 (3d Cir.1977), cert. denied, 439 U.S. 821 (1978). Plaintiff overlooks a major factual difference from her own situation which renders these cases inapplicable. The "reinstatement" cases allow equitable relief to the plaintiff who files late because "subsequent to his discharge, demotion, or forced retirement, his employer had promised to reinstate him in his former position or in a comparable alternative position." Cerbone v. International Ladies' Garment Workers' Union, 768 F.2d 45, 49 (2d Cir.1985). Here, Plaintiff has not alleged that, after her demotion, Defendants made promises that she would be reinstated in a comparable position. There was no indication that the Defendants or Dr. Schloesser ever attempted "settlement negotiations" to address the alleged improper demotion. Id. at 50.
 
 
 11
 Finally, Plaintiff argues that, because Defendants failed to object to the jury instruction concerning tolling of the limitation period at trial, it is now the law of the case. Plaintiff misinterprets the nature of the Defendants' argument on appeal. Defendants do not argue that there is no such thing as equitable tolling or even that the instruction is an inaccurate statement of law. Rather, their contention, and the principle upon which our decision rests, is that when the Defendants moved for summary judgment, the court failed to find that as a matter of law, given the undisputed facts, equity would not toll the limitations period.
 
 
 12
 REVERSED.
 
 
 
 *
 The Honorable Wayne E. Alley, United States District Judge for the Western District of Oklahoma, Sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 As a technical matter, we agree with the court in Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450 (7th Cir.1990), cert. denied, 111 S.Ct. 2916 (1991), that equitable tolling should be distinguished from equitable estoppel. Equitable estoppel is applied if a defendant takes active steps to prevent a plaintiff from suing in time, most usually by promising not to plead the statute of limitations. Equitable tolling of the limitations period is appropriate if a plaintiff is unable to obtain important information surrounding the claim despite due diligence. Plaintiff urges the former, although both Plaintiff and the district court used the label of the latter