**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 7, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVID WEBB,

     Plaintiff -Appellant,

v.

MEGAN SMITH, U.S. Marshal's
Service Inspector; RICK CASAS, U.S.
Marshal's Service Inspector; JAMES A.
THOMPSON, U.S. Marshal for District
of Utah; ELIZABETH LNU, Deputy
Clerk; MICHELLE LNU, Deputy
Clerk; LOUISE S. YORK, Attorney,
Chief Deputy Clerk,

     Defendants - Appellees.

No. 15-4123
(D.C. No. 1:15-CV-00049-DLR)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

     Mr. David Webb alleges that he was excessively monitored by marshals

while using the Court Clerk's office for the District of Utah. Upset by this

---

[*]    The parties have not requested oral argument, and the Court concludes that oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

treatment, Mr. Webb sued officials with the U.S. Marshals Service and the Court Clerk's office, invoking Title VI of the Civil Rights Act, the Federal Tort Claims Act (FTCA), and state tort law.

In screening these claims, the district court ordered dismissal on grounds that (1) the cause of action under Title VI failed to state a claim on which relief could be granted and (2) subject-matter jurisdiction was lacking over the FTCA claims. Mr. Webb asked the court to vacate the dismissal, and the court declined. Mr. Webb appeals. In our view, the district court properly dismissed the claims. But we remand so that the district court can (1) clarify that its dismissal on the FTCA claims is without prejudice and (2) address the state tort claims.

## I. The district court properly dismissed the Title VI claims.

The district court dismissed the Title VI claims because Title VI does not apply to activities conducted by federal agencies. *See Soberal-Perez v. Heckler*, 717 F.2d 36, 38-39 (2d Cir. 1983) (holding that Title VI does not apply to "federal agencies which directly administer programs"). Mr. Webb concedes that this claim was properly dismissed.

## II. The district court properly dismissed the FTCA claims.

Mr. Webb also asserted FTCA claims against federal officers. The district court dismissed these claims on the ground that the district court lacked subject-matter jurisdiction because Mr. Webb had failed to exhaust available administrative remedies. We agree with that ruling.

Mr. Webb points out that he sued individual officers, rather than the federal government. But as the district court properly explained, the FTCA remedy is exclusive because the individual officers were acting in the scope of their employment as federal employees. As a result, the district court applied the FTCA's requirement of administrative exhaustion. *See* 28 U.S.C. § 2675(a). Mr. Webb provides no reason to question the district court's rationale.

Instead, Mr. Webb asserts that the district court's dismissal should be vacated because he has more time to submit an administrative complaint, the district court should not have considered exhaustion *sua sponte*, and the Attorney General did not certify that the alleged conduct would have fallen within the scope of the defendants' federal employment. These arguments do not affect the lack of subject-matter jurisdiction.

For example, if we credit Mr. Webb's arguments, he might have more time to exhaust administrative remedies. But until he does so, his failure to exhaust administrative remedies would prevent subject-matter jurisdiction in district court.

In addition, Mr. Webb argues that the district court improperly injected itself by acting *sua sponte*. But "the FTCA's exhaustion requirement is jurisdictional," and the district court must consider its own jurisdiction even when it has not been challenged. *Boehme v. U.S. Postal Serv.*, 343 F.3d 1260, 1262 (10th Cir. 2003) (quoted language treating exhaustion as jurisdictional); *Tafoya v.*

3

*U.S. Dep't of Justice, Law Enf't Assistance Admin.*, 748 F.2d 1389, 1390 (10th Cir. 1984) (*sua sponte* consideration of jurisdiction).

Mr. Webb also argues that the Attorney General never certified that the defendants were acting in the scope of their employment. But Mr. Webb pleaded that all defendants were federal employees and admitted in both his motion to vacate and opening appellate brief that the defendants had acted in the scope of their employment. R. at 3-7, 39 ("Pro Se Plaintiff Webb sued the Federal Employees directly for actions taken while in the scope of his or her Office or Employment."); Appellant's Opening Br. at 3 (identical language). As a result, the absence of subject-matter jurisdiction was evident from the complaint, with or without certification by the Attorney General.

Finally, Mr. Webb argues in his second supplemental appellate brief that he has discovered that some of the defendants are not federal employees. This argument is immaterial because we review dismissal based on allegations in the complaint, not new allegations surfacing for the first time during the appeal. Thus, Mr. Webb's allegedly new discovery would not affect the correctness of the district court's ruling. *See Hayes v. Whitman*, 264 F.3d 1017, 1025 (10th Cir. 2001) ("[A] court may not consider allegations [made in a brief] inconsistent with those pleaded in the complaint.").

Mr. Webb suggests that we can cure the jurisdictional defect by applying Federal Rule of Appellate Procedure 12.1. This rule allows us to remand in

certain circumstances when a motion is filed in district court after an appeal has been lodged. But Mr. Webb has not identified any motions filed in district court after beginning the appeal. As a result, Rule 12.1 would not affect the absence of subject-matter jurisdiction.

## III.    Mr. Webb did not plead any claims under *Bivens*.

Mr. Webb also contends in his first supplemental appellate brief that claims could exist under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). But Mr. Webb did not assert a *Bivens* claim in the complaint. It was too late for him to initiate this claim during the appeal. *See Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006) (declining to consider claims raised for the first time on appeal).

## IV.    The district court should have specified that the FTCA claim was dismissed without prejudice.

Finally, Mr. Webb points out that the district court did not say whether the dismissal was with or without prejudice. That is true; the dismissal for lack of subject-matter jurisdiction should have been without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006). As a result, we remand with instructions for the district court to make clear that the dismissal of the FTCA claim is without prejudice.

The district court also was silent in its dismissal of the Title VI claims. Because of this silence, we presume the dismissal of the Title VI claims is

5

effectively with prejudice. *See Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1299 (10th Cir. 2014) ("Dismissals for failure to state a claim are presumptively with prejudice because they fully dispose of the case."). The district court did not err in making this dismissal with prejudice.

**V.    The district court should address the state tort claims.**

In his complaint, Mr. Webb included state tort claims involving false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, malice, and slander. R. at 2, 8. The district court did not address these claims and should do so on remand.[1]

**VI.    Disposition**

We affirm the district court rulings but remand with instructions to (1) clarify that the dismissal of the FTCA claim is without prejudice and (2) address the state tort claims.

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[1]    The district court has discretion to exercise or decline to exercise supplemental jurisdiction over the state tort claims. 28 U.S.C. § 1367(c)(3). We do not mean to suggest which to do; that decision remains in the district court's discretion.