**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID WEBB,

      Plaintiff - Appellant,

v.

MEGAN SMITH, U.S. Marshal's
Service Inspector; RICK CASAS, U.S.
Marshal's Service Inspector; JAMES
A. THOMPSON, U.S. Marshal for
District of Utah; ELIZABETH LNU,
Deputy Clerk; MICHELLE LNU,
Deputy Clerk, LOUISE S. YORK,
Attorney, Chief Deputy Clerk; BRENT
WIECHMAN; MVM, PHILLIP LNU;
RICHARD LNU; BRIAN LNU;
CRAIG LNU; AJ LNU; DOUGLAS
LNU; S. WILLIAMS; GARY LNU;
BEN LNU; RICK LNU; CHORD
LNU; J. JONES; TERRY LNU; JD
LNU; JR LNU; ERIC LNU; SIG LNU;
HAWS LNU; RICH LNU; HUGH
LNU; AL LNU; PEGGY LNU;
RHONDA LNU; UNITED STATES
OF AMERICA,

      Defendants - Appellees.

Nos. 16-4018, 16-4030, 16-4036
(D.C. No. 2:15-CV-00213-DLR)
(D. Utah)

**ORDER AND JUDGMENT**[*]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.[**]

---

Plaintiff-Appellant David Webb appeals from numerous district court orders. We have consolidated his two prematurely filed appeals (Nos. 16-4018 & 16-4030) with a timely appeal from a final order of the district court (No. 16-4036).

This case arises from a suit filed by Mr. Webb against various employees of the United States Marshals Service and the district court in connection with Mr. Webb's visits to the Salt Lake City federal courthouse. 1 Aplee. App. 15; see generally Webb v. Smith, 632 F. App'x 957 (10th Cir. 2015). Mr. Webb later added MVM, Incorporated and its employee Brent Weichman ("MVM") as defendants. 2 Aplee. App. 139. MVM provides courthouse security services pursuant to a contract with the Marshals Service. The Marshals Service placed mandatory security restrictions on Mr. Webb—he may not move about the courthouse without a security escort and may not ask personal questions of deputy clerks.

Mr. Webb claims a violation of his federal and state constitutional rights, in addition to claiming violations of the Federal Tort Claims Act (FTCA), Title VI

---

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

of the Civil Rights Act, RICO, and state tort law. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

In two orders, the district court dismissed the majority of Mr. Webb's claims. In the first order, the district court dismissed counts I-III under the First, Fourth, and Fourteenth Amendments for failure to allege facts that would render Mr. Webb's claims plausible on their face. Webb v. Smith, No. 15-civ-213-DLR (D. Utah Jan. 22, 2016); 3 Aplee. App. 331-33. In the alternative, the district court determined that the federal deputy court clerks were protected by absolute judicial immunity, and all federal defendants would be entitled to qualified immunity for want of clearly established law. Mr. Webb does not appeal the district court's dismissal of claims IV, V-VIII, X, and XIII-XVI for lack of subject matter jurisdiction. Aplt. Br. at 15. The district court also precluded Mr. Webb from filing additional amendments to his amended complaint after noting that he was already subject to pre-screening insofar as filing new complaints. Webb v. Smith, No. 15-civ-213-DLR (D. Utah Jan. 11, 2016); 3 Aplee. App. 326-27.

In the second order, the court dealt with the claims against MVM, dismissing counts IV, IX, X for lack of plausibility, count XII (§ 1983) for failing to allege the violation of any right (state or federal), counts XI-XIII as a matter of law, counts XV and XVI because the claims are not recognized under Utah law, count XVII because MVM was entitled to the "common interest" privilege

- 3 -

recognized under Utah law, and finally, concluding that MVM and all of its employees, operating under government contract, are entitled to qualified immunity. Webb v. Smith, No. 15-civ-213-DLR (D. Utah Feb. 18, 2016); 6 Aplee. App. 456-62.

On appeal and as we understand his arguments, Mr. Webb asserts that the district court (1) should not have precluded amendments to his amended complaint, (2) should have considered his affidavit in ruling on the MVM defendants' motion to dismiss, (3) erred in dismissing his Title VI claim, (4) erred in dismissing his § 1983 claim against the MVM defendants, (5) erred in dismissing his RICO claims against the MVM defendants, (6) erred in dismissing his supplemental state law claims given his viable Title VI claims, (7) erred in qualified immunity to the MVM defendants, (8) erred in overlooking his affidavit and misconstrued the constitutional right asserted against MVM, (9) erred in dimissing certain counts against the federal defendants (counts I-III), (10) lacked jurisdiction to impose filing restrictions from another case upon him, (11) lacked jurisdiction to order the Clerk to refuse a second amended complaint, (12) overlooked his affidavits claiming that the federal defendants' counsel fabricated evidence, and should not have granted the federal defendants' motion to dismiss, but instead should have granted Mr. Webb's motion for sanctions, (13) ignored a Fifth Amendment violation by the federal defendants and did not afford due process, and (14) was inconsistent in handling partially named federal

defendants versus partially named MVM defendants.

We review de novo the district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Slater v. A.G. Edwards & Sons, Inc., 719 F.3d 1190, 1196 (10th Cir. 2013).  We have considered Mr. Webb's arguments on appeal and affirm for substantially the reasons relied upon by the district court.  The district court did not abuse its discretion in the process of deciding this matter.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge