**UNITED STATES COURT OF APPEALS**

**September 28, 2016**

**TENTH CIRCUIT**

---

DELMART E.J.M. VREELAND, II,

　　　　Plaintiff - Appellant,

v.

CYNTHIA COFFMAN, Attorney
General; RICHARD RAEMISCH,
Executive Director, CDOC;
SERGEANT GRIGGS, CDOC/BVCF,
Mailroom,

　　　　Defendants - Appellees.

No. 15-1377
(D.C. No. 1:12-CV-01921-PAB-KMT)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.[**]

---

[*]　　　This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[**]　　　After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

Pro se[1] prisoner Delmart E.J.M. Vreeland, II filed a civil-rights action against various defendants under 42 U.S.C. § 1983. After substantial motions practice, the district court granted summary judgment against Mr. Vreeland on all claims. Mr. Vreeland now appeals from several orders of the district court, including its order granting summary judgment. Additionally, Mr. Vreeland moves this court for appointment of counsel on appeal. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **affirm** the challenged district court orders and **deny** Mr. Vreeland's motion for appointment of counsel.

I

Mr. Vreeland's appeal pertains to the alleged mishandling of his mail on three occasions by prison officials while he was incarcerated in the Buena Vista Correctional Facility ("BVCF") of the Colorado Department of Corrections ("CDOC"). In August 2010, Mr. Vreeland received a package from an attorney named Michael Heher. Facility legal assistant, Celia Schwartz, inspected the package for contraband. She determined that twelve pages (out of a thirty-two-pound package) contained the personal contact information of victims and therefore posed a security threat and were subject to rejection. Sergeant Griggs prepared a mailroom contraband slip indicating that mail had been rejected and

---

[1] Because Mr. Vreeland appears pro se, we afford his filings a liberal construction, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), but we do not craft arguments for him or otherwise act as his advocate, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

2

returned these pieces of mail—pursuant to Mr. Vreeland's instructions—to Mr. Heher. Mr. Vreeland was allowed to take possession of the remainder of the materials.

In June 2012, Mr. Vreeland received mail from a private investigations firm. Ms. Schwartz reviewed the mail and found that it contained personal information of victims and witnesses. Based on Ms. Schwartz's findings, Sergeant Griggs determined that the entirety of the mail was subject to rejection and prepared a notice-of-rejection form indicating that the mail had been withheld and returned to sender.

At some point in 2012, Mr. Vreeland told his case manager, Keith Valerio, that his mother had mailed packages to BVCF and that the packages were received by the facility, but never delivered to him. Mr. Vreeland provided tracking numbers for the packages and Sergeant Griggs reviewed mailroom records and contacted the postmaster. According to Sergeant Griggs, the postmaster could not find any record of packages corresponding to the numbers provided by Mr. Vreeland.

On July 23, 2012, Mr. Vreeland filed a complaint pursuant to 42 U.S.C. § 1983 against three individuals, including Sergeant Griggs, asserting due-process and equal-protection claims, *inter alia*, relating to the alleged mishandling of his mail. The defendants moved to dismiss all claims.

3

On March 25, 2013, Mr. Vreeland moved for leave to file an amended complaint and filed a proposed amended complaint, in which he sought to add Ms. Schwartz as a defendant and to assert First Amendment claims regarding the handling of his mail. The district court granted Mr. Vreeland's motion in part; it permitted him to assert his First Amendment and access-to-courts claims against Sergeant Griggs, but denied his effort to assert claims against Ms. Schwartz.

On November 13, 2013, Mr. Vreeland filed an amended complaint. Pursuant to the district court's order, Mr. Vreeland asserted only that Sergeant Griggs violated his First Amendment rights and unconstitutionally restricted his access to the courts by allegedly mishandling his mail. Sergeant Griggs moved for summary judgment on all claims; the district court granted his motion.

II

Mr. Vreeland now appeals from the district court's orders dismissing his equal-protection claims, denying him leave to add claims against Ms. Schwartz, granting Sergeant Griggs's motion for summary judgment, and denying several other non-dispositive motions in his case. Additionally, Mr. Vreeland has moved this court to appoint an attorney for him and this motion is still pending before this court. For the reasons set forth below, we affirm each of the challenged orders and deny Mr. Vreeland's motion for appointment of counsel on appeal.

4

## A

We first turn to Mr. Vreeland's appeal from the district court's order dismissing his equal-protection claims and denying his request to raise new claims against Ms. Schwartz.

"We review a district court's grant of a motion to dismiss de novo." *Petrella v. Brownback*, 787 F.3d 1242, 1267 (10th Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]e assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

We generally review the district court's refusal to permit an amendment for abuse of discretion. *See Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007). However, because the district court's denial of Mr. Vreeland's motion rested on the legal conclusion that amendment would be futile on statute-of-limitations grounds, we review that determination de novo. *See Peterson v. Grishman*, 594 F.3d 723, 731 (10th Cir. 2010).

For the reasons stated below, we affirm the district court's order in both respects.

1

We first conclude that the district court properly dismissed Mr. Vreeland's equal-protection claim because he failed to adequately allege such a claim. The equal-protection clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). "When those who appear similarly situated are nevertheless treated differently, the Equal Protection Clause requires at least a rational reason for the difference . . . ." *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 502 (2008). Applying that rubric here, Mr. Vreeland's claim fails for the simple reason that he failed to adequately allege that BVCF—and specifically, Sergeant Griggs—treated him differently than similarly situated individuals.

He was denied access to his mail on the basis that it contained victim and witness information in violation of CDOC Administrative Regulation 750-03 § IV.K.7. In his amended complaint, however, he failed to plausibly allege that other inmates were treated differently—that is, he did not allege that similarly situated inmates were permitted to receive through the mail court files containing unredacted victim and witness information, despite CDOC policy. Rather, he alleged that BVCF allowed other inmates to have their "criminal case court files," and then speculated that all such files necessarily contained identifying victim and

6

witness information—*viz.*, the sort of materials Sergeant Griggs deemed contraband relative to Mr. Vreeland. Mr. Vreeland, however, included no factual support to buttress his speculation concerning the composition of the court files held by "tens of thousands" of unknown and unidentified inmates. R., Vol. I, at 398. Moreover, he does not allege that the other inmate case files actually contained unredacted victim and witness information in violation of CDOC policy—*viz.*, the issue that engendered the rejection of Mr. Vreeland's materials.

Yet Mr. Vreeland generally asserts on appeal that other similarly situated inmates were allowed to possess court files containing victim and witness information. But he fails to assert that the victim-and-witness information allegedly possessed by other inmates was of the same sort or similar to the information that Sergeant Griggs rejected. Moreover, he asserts for the first time on appeal in connection with his equal-protection claim that the "court records and other documents" sent to him "didn't even contain names, addresses, phone numbers, and emails of victims and witnesses." Aplt's Opening Br. at 37. This eleventh-hour factual assertion comes too late: Mr. Vreeland did not include it in his amended complaint, which the district court considered, and consequently we will not take it into account now. *See Hayes v. Whitman*, 264 F.3d 1017, 1025 (10th Cir. 2001) ("[A] court may not consider allegations [made in a brief] inconsistent with those pleaded in the complaint."); *see also Webb v. Smith*, 632 F. App'x 957, 960 (10th Cir. 2015) (concluding that "new allegations surfacing for

the first time during the appeal" are irrelevant to the correctness of the district court's dismissal).

Finally, Mr. Vreeland argues that the dismissal of his equal-protection claim was "very unfair" because he was "pro se and doing his best to plead what [was] required," and, if counsel had been appointed, his "claim would not have been dismissed." Aplt's Opening Br. at 36. Although Mr. Vreeland's pro se status compels us to construe his filings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), it does not relieve him of his burden to adequately allege the elements of his equal-protection claim, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Accordingly, we affirm the dismissal of Mr. Vreeland's equal-protection claim.

2

Mr. Vreeland next challenges the denial of his motion to amend to assert claims against Ms. Schwartz. After initially omitting her as a defendant from his original complaint, Mr. Vreeland named Ms. Schwartz in his proposed amended complaint, filed March 25, 2013, in relation to the alleged mishandling of his mail in 2010 and 2012. The district court refused to permit amendment. We affirm.

With regard to the handling of Mr. Vreeland's mail in 2010, the district court found his claims against Ms. Schwartz time barred under Federal Rule of Civil Procedure 15(c). On appeal, Mr. Vreeland argues that this "was error[,]"

8

because Schwartz was not sued within the Rule 15(c) time limit "due to fraudulent concealment." Aplt's Opening Br. at 37. Specifically, he contends that after he filed his initial complaint, Ms. Schwartz denied involvement with the rejection of his mail, but "[l]ater . . . changed her story in an attempt to come to the defense of [Sergeant] Griggs," claiming that "she alone rejected the mail and that [Sergeant] Griggs had nothing to do with it." *Id.* at 37–38.

Mr. Vreeland's argument does not merit reversal. At the outset, he raises his inconsistent-story argument for the first time on appeal and has not argued for plain-error review; we therefore deem this argument effectively waived. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011). Moreover, Mr. Vreeland provides no record citations for his newly-minted theory, nor any legal support for his contention that the inconsistent-story argument warrants reversal. Without more from Mr. Vreeland, we decline to disturb the district court's reasoned decision on his proposed claims against Ms. Schwartz for her handling of his mail in 2010.

We likewise affirm the district court's rejection of Mr. Vreeland's proposed claims against Ms. Schwartz for her handling of his mail in 2012. The district court found that Mr. Vreeland did not adequately plead a First Amendment claim because he failed to "plausibly allege that Ms. Schwartz intentionally acted in violation of CDOC regulations when she read [Mr. Vreeland's] legal mail" in

9

2012; therefore it denied his request to raise this claim against Ms. Schwartz. R., Vol. I., at 709–11, 719.

On appeal, Mr. Vreeland argues only that the statute of limitations has not run on his claims against Ms. Schwartz, "so at a minimum, the 2012 claims against Schwartz should have been allowed to proceed." Aplt's Opening Br. at 38. But, he fails to contest the district court's actual basis for rejecting this particular claim—*viz.*, because Mr. Vreeland failed to raise a plausible First Amendment claim. Thus, we likewise affirm the district court's refusal to permit amendment in this respect.

B

Mr. Vreeland next argues that the district court erred in denying two motions to compel production of documents and for related discovery sanctions. "We review a district court's ruling denying a motion to compel for an abuse of discretion." *Norton v. The City Of Marietta*, 432 F.3d 1145, 1156 (10th Cir. 2005). "Under this standard, we will not disturb a trial court's decision absent a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.* (quoting *Cummings v. GMC*, 365 F.3d 944, 952 (10th Cir. 2004)). We conclude that Mr. Vreeland has not demonstrated any such error.

First, Mr. Vreeland challenges the district court's denial of his July 14, 2014 motion to compel production of the working file that the CDOC maintained on him. He argues that with access to his working file, he could have proven that the mail "rejection forms supplied to the [c]ourt as evidence were fakes, and that over 2000 pages of documents were taken and destroyed." Aplt's Opening Br. at 29. But Mr. Vreeland only speculates in conclusory fashion, and without support, that a forgery occurred, and that the contents of the working file would have revealed evidence of the forgery. Accordingly, he has not shown that the district court abused its discretion in denying his motion to compel the working file.

Second, Mr. Vreeland challenges the magistrate judge's denial of his December 2, 2014 motion to compel production. However, Mr. Vreeland never sought reconsideration from the district court of the magistrate judge's minute order denying his motion. *See* 28 U.S.C. § 636(b)(1)(A) (providing that a district court judge "may reconsider any pretrial matter" that magistrate judges are authorized to decide under that subsection including, as here, a nondispositive motion to compel); Fed. R. Civ. P. 72(a) ("A party may serve and file objections to [a magistrate's final] order [on a non-dispositive matter] within 14 days after being served with a copy."); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000). Consequently, we lack jurisdiction to review the magistrate judge's order on appeal. *See S.E.C. v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1269 (10th Cir. 2010) ("Under [28 U.S.C.] § 636(b)(1)(A), a magistrate

11

judge may not issue a final order directly appealable to the court of appeals. Properly filed objections resolved by the district court are a prerequisite to our review of a magistrate judge's order under § 636(b)(1)(A)." (quoting *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir.1997))); *see also* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order [of a magistrate judge on a nondispositive matter] not timely objected to.").

C

Mr. Vreeland next challenges the denial of two motions for appointment of counsel. "We review the denial of appointment of counsel in a civil case for an abuse of discretion." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Reversal is appropriate "[o]nly in those extreme cases where the lack of counsel results in fundamental unfairness." *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). "The factors to be considered include 'the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims.'" *Id.* (quoting *Hill*, 393 F.3d at 1115). For the following reasons, we affirm the district court's denial of Mr. Vreeland's motions for appointment of counsel.

Mr. Vreeland first challenges the district court's denial of his October 17, 2013 motion for appointment of counsel. In that motion, he argued, *inter alia*, that he needed counsel to obtain important documents in discovery. The magistrate

12

judge denied the motion, concluding that Mr. Vreeland had (up to that point) capably litigated his case, and that if his discovery concerns were realized, he could file a motion to compel. *See* R., Vol. I, at 729–31 (Order, dated Oct. 21, 2013). Mr. Vreeland objected to the magistrate judge's order, and the district court overruled Mr. Vreeland's objections.

On appeal, Mr. Vreeland argues that we should reverse the denial of his October 17, 2013 motion, because his pro se status prevented him from obtaining necessary evidence against Sergeant Griggs. Mr. Vreeland, however, filed his request *before* the start of discovery, and indeed, before the filing of his amended complaint. And, as the magistrate judge aptly noted, Mr. Vreeland could have addressed any discovery issues through the filing of a motion to compel. Consequently, this was not an "extreme case[] where the lack of counsel result[ed] in fundamental unfairness," *Toevs*, 685 F.3d at 916, and the district court acted within its discretion in denying this motion.

Mr. Vreeland next challenges the denial of his December 18, 2014 motion for appointment of counsel. However, Mr. Vreeland failed to file objections under Federal Rule of Civil Procedure 72(a) to the magistrate judge's January 26, 2015 order denying his request. We therefore lack jurisdiction to review it. *See Hutchinson*, 105 F.3d at 566 ("Properly filed objections resolved by the district court are a prerequisite to our review of a magistrate judge's order under § 636(b)(1)(A).").

13

D

Mr. Vreeland argues that the district court and magistrate judge "ignored intentional false statements to the court, and fabricated documents that were presented to the court by Appellees' Counsel as true and real when they were fakes and copies." Aplt's Opening Br. at 30 (capitalization altered). Mr. Vreeland's briefing on this point leaves unclear which district court ruling he would have us reverse. Arguably, this assertion echoes the argument Mr. Vreeland raised in appealing the district court's denial of his motions to compel. *Compare* Aplt's Opening Br. at 29, *with id*. at 30. If so, his challenge in that respect fails for the reasons stated *infra*. To the extent that he seeks to raise a new argument, however, he must, at a minimum, specify the challenged order, the requested relief, and the bases therefor; he has done none of these. Moreover, in making this argument, Mr. Vreeland provides only a slew of factual assertions, without reference to specific portions of the record or any relevant legal principles.[2] Given the underdeveloped and partially unexplained nature of Mr. Vreeland's assertions, we discern no basis to ascribe any error.

---

[2] For instance, Mr. Vreeland asserts that he "proved conclusively that the transcripts" mailed to him and confiscated by CDOC "did not contain any victim/witness information," and that the defendants "changed the story to cover up the first lie, and said that the documents were not really transcripts at all, but just some legal materials, completely contradicting what they had originally told the Court." Aplt's Opening Br. at 30. But, Mr. Vreeland provides no record citations to support these assertions.

14

E

Mr. Vreeland next challenges the district court's denial of his motion for an extension of time to object to the magistrate's recommendation on summary judgment. Under Federal Rule of Civil Procedure 6(b)(1), a district court may grant an extension of time for "good cause," *see Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016), and we review the denial of such motion for an abuse of discretion, *see Buchanan v. Sherrill*, 51 F.3d 227, 228 (10th Cir. 1995).

Mr. Vreeland argues that the district court erred in denying his motion because extenuating circumstances limited his time to file objections to fifteen hours, causing his objections to be inadequate and overruled by the district court.[3] He contends that an extension would have allowed him to "obtain the record so he [could have] pointed to it in his objection," rather than relying only on his memory. Aplt's Opening Br. at 33.

Mr. Vreeland, however, fails to explain *how* he would have used record citations to bolster his objections. He identifies no specific piece of record

---

[3]     Mr. Vreeland seems to argue that one such extenuating circumstance was that the CDOC confiscated his electronic tablet. But, according to Mr. Vreeland, the CDOC seized his tablet on February 2, 2015, over six months before the original deadline to file his objections, September 18, 2015. And Mr. Vreeland made numerous court filings during that time, including his response to Sergeant Griggs's motion for summary judgment. Mr. Vreeland fails to explain on appeal why he was able to litigate his case for over six months without his tablet, but could not file timely objections in September 2015. We therefore reject this argument.

15

evidence that he would have cited in support of his objections, had he received extra time to do so, nor any argument that he would have advanced—but couldn't—without the requested extension. Mr. Vreeland's general and vague assertions do not convince us that the district court abused its discretion in denying his motion for extra time.

F

Mr. Vreeland next challenges the denial of his August 5, 2015 motion to present newly obtained evidence and facts in support of his response to Sergeant Griggs's summary-judgment motion. In that motion, Mr. Vreeland sought leave to present a CD that he claimed contained an exact copy of the mail sent to him by Mr. Heher in 2010. Finding that Mr. Vreeland "provide[d] no admissible or competent evidence demonstrating that" the CD "contain[ed] an exact copy of the documents mailed to him five years earlier," the magistrate judge denied Mr. Vreeland's motion. *Id.* at 3226 (Order, dated Sept. 1, 2015). Mr. Vreeland now challenges the denial of his motion on appeal, but he never raised his objections before the district judge in the first instance.[4] Accordingly, we lack jurisdiction to review the magistrate judge's order. *See Hutchinson*, 105 F.3d at 566.

---

[4] On appeal, Mr. Vreeland claims that the magistrate judge's ruling "was never served upon him so no objection could be filed, in fact, a copy was not obtained until after notice of appeal was filed." Aplt's Opening Br. at 38. But Mr. Vreeland cites no evidence to this effect, and the public docket for the district court reflects, in any event, that the district court mailed notice of the order to Mr. Vreeland.

16

G

Mr. Vreeland challenges the district court's summary-judgment ruling in favor of Sergeant Griggs. "We review summary judgment decisions de novo, applying the same legal standard as the district court." *Tuckel v. Grover*, 660 F.3d 1249, 1251 (10th Cir. 2011) (quoting *Willis v. Bender*, 596 F.3d 1244, 1253 (10th Cir. 2010)). "In our analysis we must view evidence in the light most favorable to the non-moving party." *Id.* "Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Id.* (quoting *McCarty v. Gilchrist*, 646 F.3d 1281, 1284 (10th Cir. 2011)). For the reasons stated below, we affirm the district court's grant of summary judgment in favor of Sergeant Griggs.

1

Mr. Vreeland first argues that the district court misapplied the summary-judgment standard by failing to accept his version of the facts. Specifically, Mr. Vreeland argues that the district court ignored evidence of "altered documents, the word play on the 'Working File' argument, . . . and the fact that there was no 8/7/07 transcript[] in the box, and there was no personal information on any of the pages that were in the box, and it does not cost $11.80 to mail 12 pages of paper to anywhere." Aplt's Opening Br. at 40. But, he points to no evidence in the record to support these alleged facts; therefore, we need not accept them as true. *See*

17

*Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1220 (10th Cir. 2015) (noting that, even though we take the facts in the light most favorable to the non-movant, "the non-movant 'must still identify sufficient evidence requiring submission to the jury to survive summary judgment." (quoting *Piercy v. Maketa*, 480 F.3d 1192, 1197 (10th Cir. 2007))); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (noting that a non-movant's "facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein"). We therefore reject Mr. Vreeland's argument that the district court misapplied the summary-judgment standard.

2

Mr. Vreeland next argues that the district court's grant of summary judgment was premised on clearly erroneous factual findings. First, he argues that the district court clearly erred in concluding that the 2010 package from Mr. Heher contained personal contact information for witnesses and victims in his case, but cites nothing in the record for support. Rather, he simply asserts that "[t]he 2010 legal mail did not contain[] transcripts . . . which mentioned any form of personal information." Aplt's Opening Br. at 34. Second, he challenges the district court's finding that there was no evidence that Sergeant Griggs acted with a "deliberate and invidious" motive. *Id.* According to Mr. Vreeland, Sergeant Griggs "lied on the rejection forms about what was rejected[] and why," and "entered fabricated evidence in support of [his] position." *Id.* But again, Mr. Vreeland offers no

18

record support for these assertions. In sum, Mr. Vreeland's fact-based challenges to the district court's summary-judgment ruling are unsupported, conclusory assertions and do not warrant reversal.

3

Mr. Vreeland raises several arguments for the first time in his reply brief. Specifically, he challenges the district court's findings that (1) he failed to exhaust administrative remedies for all claims regarding mail received in 2012, (2) he failed to demonstrate that he was denied access to the courts by Sergeant Griggs's handling of his mail in 2010, and (3) Sergeant Griggs was entitled to qualified immunity. Because Mr. Vreeland makes these challenges for the first time in his reply brief, they are waived. *See* Fed. R. App. P. 28(a)(8)(A) (requiring an appellant's opening brief to identify his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised . . . in an appellant's opening brief.").

H

Finally, we turn to Mr. Vreeland's pending motion on appeal. On November 23, 2015, Mr. Vreeland filed a motion with this court for appointment of appellate counsel. We denied the motion, declining "to consider the possibility

19

of appointing counsel for [Mr. Vreeland] until the case ha[d] been fully briefed."

Order (10th Cir., Nov. 23, 2015). On February 12, 2016, Mr. Vreeland filed a

motion for this court to reconsider its denial of his motion for the appointment of

counsel. When reviewing a motion for reconsideration of the denial of a request

for court-appointed appellate counsel, we consider "the merits of the litigant's

claims, the nature of the factual issues raised in the claims, the litigant's ability to

present his claims, and the complexity of the legal issues raised by the claims."

*Rucks*, 57 F.3d at 979; *see also Olson v. Oklahoma*, 172 F.3d 879, at *1 (10th Cir.

1999) (unpublished table decision) (applying *Rucks* standard to deny a motion for

reconsideration of the denial of a request for court-appointed appellate counsel).

In his motion for reconsideration, Mr. Vreeland argues that he deserves

counsel because (1) his case is confusing and involves numerous issues, which

caused his opening brief to be inadequate, (2) his arguments have merit, (3) he

will "have trouble litigating [his case] without counsel" due to ongoing discovery

issues, and (4) he cannot afford an attorney. Aplt's Mot. for Reconsideration at

3–4. Based on our review of Mr. Vreeland's appellate briefing and our conclusion

that his appellate arguments lack merit, we find no justification to appoint counsel

for Mr. Vreeland. Accordingly, we deny his motion.

III

For the foregoing reasons, we **AFFIRM** the challenged orders of the district court and **DENY** Mr. Vreeland's motion for appointment of appellate counsel.

Entered for the Court

JEROME A. HOLMES
Circuit Judge