**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 1, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

WILLIAM L. HARDING,

    Plaintiff - Appellant,

v.

WATCH TOWER BIBLE & TRACT
SOCIETY OF NEW YORK, INC;
CHRISTIAN CONGREGATION OF
JEHOVAH WITNESSES, of New York
Inc; CHRISTIAN CONGREGATION OF
JEHOVAH WITNESSES, of Muskogee,
Oklahoma; CHRISTIAN
CONGREGATION OF JEHOVAH
WITNESSES, of Oklahoma City Central
Congregation; FRANK LEE, Ministerial
Servant, ESTATE OF SAMUEL PORTIS,
Elder,

    Defendants - Appellees.

No. 22-6029
(D.C. No. 5:21-CV-00515-JD)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**\*
_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

_____

\* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a);
10th Cir. R. 32.1(A).

William Harding, a state prisoner proceeding pro se, appeals the district court's order dismissing his lawsuit against multiple Jehovah's Witness business entities and two church leaders for failure to state a claim.[1] For the reasons below, we affirm.

## Background

This lawsuit pertains to Harding's allegation that two Jehovah's Witness church leaders, Samuel Portis and Frank Lee, sexually abused him when he was a child between the ages of eight and ten. Harding maintains that he did not understand the nature of this abuse until 1996. According to Harding, he reported the abuse to his Oklahoma City congregation in 1997, but he contends the church took no action. Over 20 years later, Harding filed this lawsuit against Portis's estate, Lee, and various Jehovah's Witness entities, asserting federal- and state-law claims for sexual abuse, failure to report, and negligent hiring and retention.

The case was initially assigned to a magistrate judge. *See* 28 U.S.C. § 636(b)(1)(B). Because Harding moved to proceed in forma pauperis, the magistrate judge screened Harding's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) and recommended sua sponte dismissal for failure to state a claim. The district court agreed and dismissed the action over Harding's objection. Specifically, the district court determined that (1) all but one of Harding's federal claims failed for lack of

---

[1] Because Harding is pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

2

subject-matter jurisdiction because they invoked criminal statutes that provide no private cause of action; and (2) the remaining federal claim, under 18 U.S.C. § 2255, was time-barred. Without any valid federal claims, the district court declined to exercise supplemental jurisdiction over the remaining state claims.

Harding timely appealed and moved the district court for leave to proceed in forma pauperis on appeal. The district court denied the motion, concluding that Harding failed to establish either indigence or a good-faith basis for appeal. *See* § 1915(a)(1), (3). Harding renewed his motion to proceed in forma pauperis with this court.

## Analysis

On appeal, Harding primarily challenges the district court's dismissal of his § 2255 claim as time-barred and its refusal to apply equitable tolling or equitable estoppel.[2] We review § 1915(e)(2)(B)(ii) dismissals for failure to state a claim de

---

[2] Harding does not challenge the district court's dismissal of his remaining federal claims for lack of subject-matter jurisdiction or its refusal to exercise supplemental jurisdiction over his state-law claims, so we do not consider those claims. *See Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157, 1163 n.4, 1165 (10th Cir. 2003) (explaining that we do not consider dismissal of claims not challenged on appeal). He does challenge an additional reason the district court gave for dismissing his federal claim under 34 U.S.C. § 20341—a statute that mandates child-abuse reporting for certain covered professionals—on the merits. But Harding waived this argument by not appealing the district court's primary ruling that § 20341 does not provide a private cause of action. *See Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 877 (10th Cir. 2004) (finding that appellant waived right to appeal district court's alternate holding by only appealing primary holding). Harding has also waived, and so we need not address, the new civil-rights claim he raises for the first time in his appellate brief. *See Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006) (refusing to consider new claims raised on appeal).

novo. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). We also review statute-of-limitations rulings de novo, but we review any underlying rulings on equitable tolling and equitable estoppel for abuse of discretion. *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010) (equitable tolling); *Spaulding v. United Transp. Union*, 279 F.3d 901, 911 (10th Cir. 2002) (equitable estoppel).

Section 2255 "creates a civil cause of action for victims of certain sexual offenses under federal law." *Cisneros v. Aragon*, 485 F.3d 1226, 1228 (10th Cir. 2007). Specifically, as relevant here, the statute states that "[a]ny person who, while a minor, was a victim of" certain listed federal offenses "and who suffers personal injury as a result" of such offense "may sue in any appropriate" federal district court. § 2255(a). Without deciding whether Harding's factual allegations supported a § 2255 violation, the district court determined that the claim was time-barred because Harding filed it well after the statute of limitations had expired.[3] A court performing § 1915 screening may sua sponte dismiss a complaint based on the statute of limitations "only when [expiration of the statute of limitations] is obvious from the face of the complaint and no further factual record is required to be developed."

---

[3] Like the district court, we question whether Harding's § 2255 claim could survive, regardless of the statute of limitations, because Harding does not clearly state a § 2255 claim in his complaint or allege that he was the victim of any of the predicate federal crimes necessary to state such a claim. We need not decide these issues, however, because like the district court, we resolve this claim on statute-of-limitations grounds.

*Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (quoting *Fratus v. DeLand*, 49 F.3d 673, 674–75 (10th Cir. 1995)).

The statute of limitations in § 2255 requires a claim to be brought either (1) within ten years after the date the plaintiff reasonably discovers the violation or injury that forms the basis for the claim, whichever is later, § 2255(b)(1); or (2) within ten years after the date the plaintiff turns 18 years old, § 2255(b)(2). The district court found that Harding's claim was untimely under § 2255(b)(1) because Harding alleges he became aware of the abuse in 1996, but he failed to file suit within ten years from this date. And the district court found the claim was untimely under § 2255(b)(2) because Harding, who was born in 1966, failed to file within ten years of turning 18 years old. Harding raises three challenges to these conclusions, and we address each in turn.

Harding first asserts that the district court applied the statute of limitations to the "wrong dates," but we discern no error. Aplt. Br. 4. Harding reiterates on appeal that he became aware of the abuse in 1996, which is the relevant date from which the ten-year limitations period began to run. *See* § 2255(b)(1). Thus, the statute of limitations ran in 2006, and Harding filed this lawsuit about 15 years too late. *See id.* Harding suggests that he timely asserted his claim by reporting the abuse to his congregation in 1997, but as the district court explained, Harding needed to file a *complaint* with the court to meet the statute of limitations. *See* § 2255(b) (barring claims unless complaint is filed within limitations period).

5

Harding next argues that the district court erred by refusing to apply equitable tolling. Assuming equitable tolling is available in this context, Harding must show that (1) he "diligently" pursued his rights but (2) some "extraordinary circumstance" prevented him from timely filing his claim. *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). Harding does not assert, and our independent review of the record does not reveal, that he met either condition. Thus, the district court did not abuse its discretion by declining to apply equitable tolling.[4]

As a final matter, we address Harding's motions to proceed in forma pauperis and to receive an appointed attorney. When, like here, the district court certifies that an appeal is not taken in good faith, an appealing party may nevertheless move this court for leave to appeal in forma pauperis. *See Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007). We will not grant the motion, however, unless Harding shows "the existence of a reasoned, nonfrivolous argument" to support his appeal. *See id.* Because Harding has not made this showing, we deny his

---

[4] Harding alternatively asserts that the district court should have applied equitable estoppel because he maintains that he detrimentally relied on the church to take action after he reported the abuse. Because Harding does not allege that defendants took active steps to prevent him from timely filing suit, the district court did not abuse its discretion by declining to apply equitable estoppel. *See Kirklin v. Joshen Paper & Packaging of Ark. Co.*, 911 F.3d 530, 534–35 (8th Cir. 2018) (explaining that equitable estoppel requires showing that defendant took "active steps to prevent a plaintiff from suing on time" (quoting *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1329 (8th Cir. 1995))); *see also Schloesser v. Kan. Dept. of Health & Env't*, No. 92-3079, 1993 WL 113725, at *1 n.1 (10th Cir. Apr. 12, 1993) (unpublished) (same).

motion.[5] And given our disposition of this appeal, we likewise deny Harding's motion for an attorney. *See Vreeland v. Coffman*, 663 F. App'x 597, 607 (10th Cir. 2016) (unpublished) (denying motion in part because appellant's arguments "lack[ed] merit").

### Conclusion

For these reasons, we affirm the dismissal of this action and deny Harding's motions to proceed in forma pauperis and to receive an appointed attorney.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[5] Harding requests leave to amend his complaint for the first time on appeal. We deny this request. *See Pyle v. Woods*, 874 F.3d 1257, 1267 (10th Cir. 2017) (denying plaintiff's request to amend because plaintiff could have made request in district court but instead chose to appeal).